2006 ND 173
**STATE of North Dakota, Plaintiff and Appellee**

v.

**Donna BJERKLIE, Defendant and Appellant.**

No. 20050438.

Supreme Court of North Dakota.

July 27, 2006.

after repairs had commenced. On September 28, 2004, Bjerklie, owing a balance of $1,038.45 on the vehicle, issued a $1,000 check to Vince's, which agreed to release the vehicle for that amount. Bjerklie claims she immediately had the vehicle inspected by a competing body shop and was told much of the invoiced repair work had not been completed. That same day, she initiated a "stop payment" on the check with her bank. The stop payment form noted, "Business hide car for seven months, check to get car." Bjerklie admitted issuing the check in order to get the car and placing the stop payment.

[¶ 3] After Bjerklie was charged, she requested a jury trial. The State moved to exclude "evidence or testimony regarding any and all reference to insurance claims, estimates, or compensation or dispute as to [Bjerklie's] bill over the amount charged her to repair her vehicle." The district court granted the motion in limine, stating:

> She came to get her car, here is the statement, she didn't think the amount was correct, or a reasonable value, she had other alternatives. So the motion in limine is going to be granted. The evidence will not delve into other people's assessments, but will center upon the presentation of a statement as a fair market value for services rendered, whether or not they were paid for, whether or not they were received, and it is that context she got the car back.

Bjerklie entered a conditional guilty plea, which was accepted by the district court. Bjerklie was sentenced to a six-month jail term, suspended for two years.

Kent M. Morrow, Bismarck, N.D., for defendant and appellant.

Brandi Sasse Russell, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

CROTHERS, Justice.

[¶ 1] Donna Bjerklie appeals from a criminal judgment upon her entry of a Rule 11, N.D.R.Crim.P., conditional guilty plea to felony theft of services following the district court's order granting the State's motion in limine, preventing admission of alternative values for those services. Because the district court abused its discretion in granting the State's motion, we reverse and remand to give Bjerklie an opportunity to withdraw her guilty plea.

I

[¶ 2] In January 2004, Bjerklie secured Vince's Body Shop ("Vince's") to repair her vehicle. She received an estimate from Vince's for the repairs prior to commencement of the work and was informed verbally and in writing that her car would not be released until the balance was paid in full. A partial payment was tendered

II

[¶ 4] Rule 11(a)(2), N.D.R.Crim.P, allows a defendant to enter a guilty plea while preserving his or her right to appeal an adverse determination

of certain motions, including motions in limine. *State v. Winkler*, 552 N.W.2d 347, 356 (N.D.1996). A district court's ruling on a motion in limine is reviewed for abuse of discretion. A court has broad discretion in deciding whether evidence is relevant, and this Court does not reverse a district court's decision to admit or exclude evidence on the basis of relevance unless the district court abused its discretion by acting in an arbitrary, unreasonable, or unconscionable manner. *Rittenour v. Gibson*, 2003 ND 14, ¶ 35, 656 N.W.2d 691.

■ [¶ 5] Here, the district court's order granting the State's motion in limine precluded Bjerklie from providing alternative values for the services, such as estimates from her insurance company or competing businesses. The State argues this is consistent with N.D.C.C. § 12.1–23–05(6), which states that in grading theft of services, the amount used

> shall be the highest value by any reasonable standard, regardless of the actor's knowledge of such value, of the property or services which were stolen by the actor, or which the actor believed that the actor was stealing, or which the actor could reasonably have anticipated to have been the property or services involved.

We disagree. Although a jury could find that the amount invoiced by Vince's was "the highest value by any reasonable standard," it was error for the district court to remove that determination from the province of the jury and to deprive Bjerklie of the opportunity to prove a lesser amount was the correct value.

■ [¶ 6] "It is the jury who is the trier of fact in any court proceedings." *State v. Ebach*, 1999 ND 5, ¶ 7, 589 N.W.2d 566. Although we have not specifically addressed the application of N.D.C.C. § 12.1–23–05(6) to a case involving theft of services, our holdings in cases of property

theft clearly require a jury be permitted to hear competing values for the same services or property stolen. In *State v. Lovejoy*, this Court affirmed a conviction for theft of property in which the jury heard several possible values for the items stolen and made a "reasonableness" assessment in accordance with N.D.C.C. § 12.1–23–05(6): 464 N.W.2d 386, 388 (N.D.1990). In *State v. Ensz*, we upheld a district court's denial of a motion for acquittal on the basis that the assessment of "value" should be a factual determination by the jury. 503 N.W.2d 236, 238 (N.D.1993). This Court concluded in *Ebach*:

> [Section 12.1–23–05(6), N.D.C.C.,] was enacted to provide wide latitude for determining value. The rationale of this statute is that the highest reasonable value is to be used and the reasonableness of valuation is to be measured against any standard fair under the circumstances. We have stated market value is not necessarily the highest value by any reasonable standard. An appropriate measure of the highest value by any reasonable standard may include the original or replacement cost of the stolen property. As a result, the jury may consider several possible values for the property.

1999 ND 5, ¶ 13, 589 N.W.2d 566 (internal citations omitted).

[¶ 7] On the facts of this case, we are unable to conclude that Bjerklie was appropriately prohibited from presenting alternative values for the services. The State asks us to distinguish our prior holdings because this case involved a stopped check rather than an outright theft, or because services, rather than property, were allegedly stolen. The State has not provided us with a sufficient reason to do so, and we see none. At the same time, our holding in this case should not be read to apply to all other theft of services cases. Due to the specific circumstances present

here, including an ambiguous limine order and the absence of a trial to flesh out the issues and provide a record of the evidence accepted and rejected, we are uncertain whether this case is appropriately a criminal proceeding or required a civil action to settle disputed underlying contractual issues. *See State v. Brakke*, 474 N.W.2d 878, 880 (N.D.1991). Nor are we able to address the issue of "value" in theft of services cases, generally, without a full record. Our holding, therefore, should be viewed within the unique circumstances of this case. We reverse and remand for further proceedings consistent with this opinion.

### III

[¶ 8] The district court abused its discretion in prohibiting Bjerklie from presenting alternative values for the services. We therefore reverse the district court's judgment and remand, allowing Bjerklie to withdraw her guilty plea.

[¶ 9] DALE V. SANDSTROM, CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.

GERALD W. VANDE WALLE, C.J., concurs in the result.