2006 ND 227

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Paul John BUCHHOLZ, Defendant and Appellant.**

**Nos. 20060044, 20060061.**

Supreme Court of North Dakota.

Nov. 7, 2006.

Lee Michael Grossman, Assistant State's Attorney, Valley City, N.D., for plaintiff and appellee.

Russell John Myhre, Valley City, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Paul Buchholz appealed from a judgment of conviction entered after a jury found him guilty of two counts of possession of a firearm by a felon. We affirm.

## I

[¶ 2] In September 2002, Paul Buchholz pled guilty to issuing a check without sufficient funds, a class C felony. He was sentenced to 60 days in jail, with all 60 days suspended for one year, and one year of unsupervised probation.

[¶ 3] In November 2003, while executing a search warrant, law enforcement found an SKS rifle and a Remington Shotgun under a bed in Buchholz's home. Buchholz was charged with one count of possession of a firearm by a felon in file 03–K–815, in violation of N.D.C.C. § 62.1–02–01(2). After a preliminary hearing, the district court discharged Buchholz, finding there was not probable cause to believe he committed the crime because his felony

conviction of issuing a check without sufficient funds was immediately reduced to a misdemeanor when he was sentenced to less than one year in prison.

[¶ 4] In *State v. Buchholz*, 2005 ND 30, ¶ 8, 692 N.W.2d 105, we reversed and remanded the district court's order discharging Buchholz, concluding a person convicted of a felony and sentenced to not more than one year, despite the immediate reduction to a misdemeanor conviction, is still initially convicted of a felony. In that prior appeal, Buchholz also claimed the district court's discharge order should be affirmed because he relied on a mistake of law and did not believe he was committing a crime. *Id.* at ¶ 10. We concluded Buchholz could not rely on a mistake of law as a defense to a charged offense at a preliminary hearing, and he must prove the affirmative defense at trial. *Id.* at ¶ 11.

[¶ 5] After the appeal, Buchholz was charged with two more counts of possession of a firearm by a felon in file 05–K–143. The two new counts were based on guns officers seized during a search of a residence attached to a bar that Buchholz was connected to and a motor home parked on the property. The search arose out of the same factual situation and occurred on the same day as the search in the previous charge. File 05–K–143 and file 03–K–815, the initial charge, were later consolidated and tried together. The State filed separate motions in limine in each case, asking the court to exclude testimony or evidence that Buchholz relied on a mistake of law in owning or otherwise possessing a firearm. Buchholz responded only to the motion in file 03–K–815, and after considering the parties' briefs and arguments, the district court granted the motion prohibiting Buchholz from introducing evidence or arguing a mistake of law defense. Buchholz did not respond to the State's motion in file 05–K–143, and

the district court granted the motion. A jury found Buchholz guilty of the initial count of possession of a firearm by a felon in file 03–K–815 and one count in file 05–K–143, but found him not guilty on the other count in file 05–K–143 for a weapon seized from a motor home.

## II

[¶ 6] Buchholz claims the district court abused its discretion in granting the State's motions in limine preventing him from introducing evidence at trial regarding a "mistake of law" defense.

[¶ 7] We review a district court's decision on a motion in limine for an abuse of discretion. *State v. Bjerklie*, 2006 ND 173, ¶ 4, 719 N.W.2d 359. "A court has broad discretion in deciding whether evidence is relevant, and this Court does not reverse a district court's decision to admit or exclude evidence on the basis of relevance unless the district court abused its discretion by acting in an arbitrary, unreasonable, or unconscionable manner." *Id.*

[¶ 8] Mistake of law is an affirmative defense that may be asserted when a person has a good faith belief that his conduct does not constitute a crime and he acted in reasonable reliance upon a statement of law contained in a judicial decision, opinion, order, or judgment. N.D.C.C. § 12.1–05–09.

## A

[¶ 9] Buchholz claims this Court's decision in his prior appeal instructed the district court to consider a mistake of law defense during his trial. In deciding whether Buchholz could assert an affirmative defense to overcome a charged offense during a preliminary hearing, we said:

A preliminary hearing is not held to determine a defendant's guilt or inno-

cence. Therefore, Buchholz cannot assert a mistake of law defense to overcome the charged offense at a preliminary hearing. Whether Buchholz relied on a mistake of law is an affirmative defense and must be proven by Buchholz by a preponderance of the evidence at trial.

*Buchholz*, 2005 ND 30, ¶ 11, 692 N.W.2d 105 (citations omitted).

▮ [¶ 10] Buchholz claims this Court instructed the district court to allow evidence of a mistake of law defense during the trial and our instruction is the "law of the case," which the district court was required to follow on remand. Under the "law of the case" doctrine, " 'if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same.' " *Peoples State Bank of Truman, Inc. v. Molstad Excavating, Inc.*, 2006 ND 183, ¶ 10, 721 N.W.2d 43 (quoting *Tom Beuchler Const., Inc. v. City of Williston*, 413 N.W.2d 336, 339 (N.D.1987)).

▮ [¶ 11] The issue in Buchholz's prior appeal was not whether a mistake of law defense was applicable, but whether an affirmative defense could be applied at a preliminary hearing to dismiss the case. *Buchholz*, 2005 ND 30, ¶ 11, 692 N.W.2d 105. We concluded an affirmative defense could not be asserted at a preliminary hearing to overcome a charge because a preliminary hearing is not held to determine guilt or innocence, and therefore the place for such an assertion was at trial. *Id.* Whether a mistake of law defense was applicable in this case was not the legal question before us in Buchholz's prior appeal, and we did not instruct the district

court to allow evidence of the defense at trial.

## B

▮ [¶ 12] A mistaken belief of the law is rarely available as a defense, and when the offense is a strict liability offense, a mistake of law defense is generally precluded because the offense does not contain a culpability requirement. *State v. Eldred*, 1997 ND 112, ¶¶ 29–31, 564 N.W.2d 283. The offense of felon in possession of a firearm is a strict liability offense, and therefore a mistake of law defense is generally precluded. *Id.* at ¶ 31. Only in very rare cases have we said that an affirmative defense may be applied when the offense is a strict liability offense. *See State v. Rasmussen*, 524 N.W.2d 843, 846 (N.D.1994) (affirmative defense may be applied when there are life-threatening circumstances that compelled the offense). We conclude this case is not one of the rare cases when an affirmative defense should be applied.

▮ [¶ 13] Buchholz admits ignorance of the law is not an excuse. *See State v. Patten*, 353 N.W.2d 30, 33 (N.D. 1984) (everyone is presumed to know the law). He claims, however, the district court ordered an illegal sentence in the underlying felony that was the basis of the possession of firearms charges, which was a mistake of law. A sentence is illegal if it is contrary to statute, fails to comply with a promise of a plea bargain, or is inconsistent with the oral pronouncement of the sentence. *State v. Raulston*, 2005 ND 212, ¶ 7, 707 N.W.2d 464. Buchholz contends his sentence was illegal because the court ordered that he not possess firearms for a period of one year, contrary to N.D.C.C. § 62.1–02–01(2), which prohibits a person who has been convicted of a nonviolent felony "from owning a firearm or having one in possession or under control from

the date of conviction and continuing for a period of five years after the date of conviction or release from incarceration or probation, whichever is latest."

[¶ 14] During sentencing in Buchholz's felony conviction for issuing a check without sufficient funds, the court informed Buchholz of the conditions of his probation:

> THE COURT: Usual conditions of probation. Not violate any—any laws of the State of North Dakota or any other state or federal government, city ordinances. No possession of a firearm. I don't know if you're a hunter or not but that is a—that is a condition of probation in any felony and that will last for a period of—
>
> MR. EDINGER:—Your Honor, I guess I was going to make for the record that because the sentence is less than 365 days under North Dakota Law it is technically as of now reverts to a misdemeanor and only if he screws up on probation in the next year would—and it gets revoked would it be a felony. I just want—
>
> THE COURT: Okay. And so you're asking about the—the possession of a firearm?
>
> MR. EDINGER: No, I guess I just think the North Dakota Statute was amended the last couple of years but I think now under operation of law because the sentence was less that [sic] 365 days it's right now a misdemeanor until—if and when Mr. Buchholz screws up on probation than it would—than it could still be a felony, but as of now I think it's a misdemeanor under—I don't have the statute in front of me, but—
>
> . . . .
>
> THE COURT: We're back on the record.
>
> While we were off record, the Court looked at the—the code section and Mr. Edinger is right. Mr. Buchholz is deemed to have committed a misdemeanor since he is sentence [sic] to less than 365 days, however, if he breaks probation, he will be deemed to have committed a felony. Okay.
>
> Any other conditions of probation. I still feel there is a restriction as far as possession of a firearm.
>
> MS. HUSEBY: Yes, there always is with probation. You can't possess a firearm—
>
> THE COURT:—yes. So that is something—you cannot possess a firearm for a period of one year than. So, if you're a hunter, you [sic] hunting period—you're [sic] hunting privileges are basically suspended for a period of one year.
>
> Any other conditions of probation you wish to add?

[¶ 15] Buchholz claims this sentence was illegal because he was only prohibited from possessing a firearm for a period of one year, which is contrary to the five-year statutory firearm prohibition contained in N.D.C.C. § 62.1–02–01(2). Buchholz may be correct and there may have been a mistake of law if the district court judge had said N.D.C.C. § 62.1–02–01(2) did not apply to Buchholz because his felony conviction was reduced to a misdemeanor. However, the district court did not address whether N.D.C.C. § 62.1–02–01(2) applied to Buchholz, the court only addressed the conditions Buchholz would be required to abide by while on probation. *See* N.D.C.C. § 12.1–32–07(3) ("The court shall provide as an explicit condition of every probation that the defendant may not possess a firearm . . . ."). Section 62.1–02–01(2), N.D.C.C., prohibits possession of a firearm from the date of conviction and continuing for a period of five years *after* probation. The court did not address whether Buchholz could possess or own a firearm after probation and Buchholz ad-

mits the district court was not required to inform him of all the collateral consequences of his felony conviction. There is no conflict between the district court's sentence and N.D.C.C. § 62.1–02–01(2), and therefore we conclude the district court's sentence was not illegal.

[¶ 16] Moreover, N.D.C.C. § 62.1–02–01 says, " 'conviction' means determination by a jury or court that a person committed one of the above-mentioned crimes even though ... the defendant's conviction has been reduced in accordance with subsection 9 of section 12.1–32–02...." Section 12.1–32–02(9), N.D.C.C., says, "[e]xcept as provided in section 62.1–02–01, a person who is convicted of a felony and sentenced to imprisonment for not more than one year is deemed to have been convicted of a misdemeanor." Those statutes clearly state that the prohibition against possession of a firearm by a felon applies when a felony conviction has been reduced to a misdemeanor. While the language "[e]xcept as provided in section 62.1–02–01" was added to N.D.C.C. § 12.1–32–02(9) after Buchholz's conviction, at the time of his conviction N.D.C.C. § 62.1–02–01 explicitly prohibited a defendant convicted of a felony reduced to a misdemeanor under N.D.C.C. § 12.1–32–02(9) from possessing firearms. Buchholz is presumed to know the law and he cannot claim the prohibition in N.D.C.C. § 62.1–02–01 does not apply to him.

[¶ 17] Although Buchholz may have misinterpreted the district court's comments during sentencing, we conclude the court's sentence was not illegal and Buchholz was not entitled to rely on a mistake of law defense. The district court did not abuse its discretion in excluding evidence about Buchholz's mistake of law defense.

## C

[¶ 18] The State claims Buchholz cannot "appeal" the district court's decision to exclude mistake of law evidence in file 05–K–143 because Buchholz did not object to or answer the State's motion in limine. Buchholz is entitled to appeal from the judgment of conviction, *see* N.D.C.C. § 29–28–06(2), and the issue is whether he is entitled to review of the district court's decision in file 05–K–143. Generally issues not properly preserved at the district court will not be heard on appeal. *State v. Bingaman*, 2002 ND 202, ¶ 9, 655 N.W.2d 51. However, we will not decide issues that do not affect the outcome of the case. *See State v. Fontaine*, 382 N.W.2d 374, 378 (N.D.1986). Clearly Buchholz is entitled to review of the district court's decision in file 03–K–815 because the mistake of law issue was properly preserved. Because we have concluded Buchholz was not entitled to a mistake of law defense in file 03–K–815, we need not decide whether he is entitled to review of the district court's decision to grant the State's motion in limine in file 05–K–143.

## III

[¶ 19] Buchholz argues there was insufficient evidence to sustain his convictions for being a felon in possession of firearms because the State did not present any evidence that the firearms were actually capable of being fired.

[¶ 20] When we review a challenge to the sufficiency of the evidence, we only consider the evidence and reasonable inferences most favorable to the verdict to determine if there is sufficient evidence to warrant a conviction. *State v. Bertram*, 2006 ND 10, ¶ 5, 708 N.W.2d 913. " 'A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no

rational fact finder could find the defendant guilty beyond a reasonable doubt.'" *Id.* (quoting *State v. Noorlun*, 2005 ND 189, ¶ 20, 705 N.W.2d 819). We do not weigh conflicting evidence or judge witness credibility. *Bertram*, at ¶ 5.

[¶ 21] Buchholz claims a rational fact finder could not find him guilty beyond a reasonable doubt because the State did not present any evidence that the firearms were capable of firing. A firearm is defined as "any device which will expel, or is readily capable of expelling, a projectile by the action of an explosive and includes any such device, loaded or unloaded, commonly referred to as a pistol, revolver, rifle, gun, machine gun, shotgun, bazooka, or cannon." N.D.C.C. § 62.1–01–01(3).

[¶ 22] During the search of Buchholz's home, the officers seized a Remington shotgun and a SKS rifle. Valley City Police Officer Jon Skalicky testified Buchholz told him the guns were loaded but the officers did not need to worry about the guns going off because they just had shells or ammunition in the guns' magazines, not in the barrel. North Dakota Bureau of Criminal Investigations Special Agent Mark Sayler examined the guns and testified that he believed they were capable of firing because they appeared to be in working order. During the search of the residence attached to the bar, officers found a Ruger .220 swift, a 12 gauge Mossberg, and a Remington Speedmaster. Barnes County Chief Sheriff's Deputy Don Fiebiger testified that he believed the guns were capable of firing. Buchholz did not present any testimony or evidence to rebut the officers' testimony.

[¶ 23] There is sufficient evidence, viewed in the light most favorable to the verdict, to support Buchholz's convictions for possession of a firearm by a felon.

## IV

[¶ 24] We conclude the district court did not abuse its discretion in excluding Buchholz's evidence of a mistake of law defense, and there is sufficient evidence to support his convictions. We affirm.

[¶ 25] CAROL RONNING KAPSNER, DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.