Filed 7/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 142

In the Interest of D.J., a child 

Bryan Denham, Petitioner and Appellant

v.

D.J., Child; 

K.L., Mother, 

D.J., Father, Respondents

K.L., Mother and

D.J., Child,                                                                                                    Appellees

No. 20100403

Appeal from the Juvenile Court of Burleigh County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Bryan David Denham, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for petitioner and appellant.

Susan R. Schmidt (argued), 400 East Broadway Avenue, Suite 27, Bismarck, N.D. 58501, for respondent and appellee D.J., Child.

Bradley D. Peterson (appeared) and Meredith Leigh Vukelic (appeared), P.O. Box 2419, Bismarck, N.D. 58502-2419, for respondent and appellee K.L., Mother.

Interest of D.J.

No. 20100403

Maring, Justice.

[¶1] 
Bryan Denham, an Assistant Burleigh County State’s Attorney, appeals from a juvenile court order adopting a judicial referee’s decision that D.J. is not required to register as a sexual offender.  We conclude a juvenile court may order the preparation of a report or evaluation to address requirements for registration as a sexual offender and may require production of the report or evaluation to make findings on the requirements for registration.  Because a court-ordered evaluation was not provided to the juvenile court in this case and the court did not make required findings on registration, we reverse and remand for further proceedings.

I

[¶2] In March 2009, the State filed a petition in juvenile court, alleging D.J., a sixteen year old, committed the delinquent act of gross sexual imposition by engaging in a sexual act with a six-year-old victim.  
See
 N.D.C.C. § 12.1-20-03(1)(d).  In April 2009, a judicial referee accepted D.J.’s admission that he committed the delinquent act, ordered him to complete a sexual offender evaluation and follow all recommendations, and reserved the issue of whether he was required to register as a sexual offender under N.D.C.C. § 12.1-32-15(2)(c).  D.J. was committed to the custody of the Division of Juvenile Services until April 7, 2010.  In May 2009, the Division of Juvenile Services asked the referee “to certify payment of the psycho-

sexual evaluation . . . prior to the determination of registration,” and on June 2, 2009, the referee ordered the Division of Juvenile Services to pay the costs of the evaluation.  D.J. thereafter participated in a treatment program at a facility in Minnesota.  In January 2010, the State filed a petition for a permanency hearing for D.J., and after a January 2010 hearing, the referee ordered custody to continue with the Division of Juvenile Services until January 2011.

[¶3] In March 2010, the State requested a hearing on whether D.J. should be required to register as a sexual offender.  A hearing on the State’s request was rescheduled to May 11, 2010, and a referee granted the State’s request for two witnesses from the Minnesota treatment facility to appear telephonically at that hearing.  The referee thereafter granted another continuance, ordering “that a proper eval[uation] be completed as ordered June 2, 2009.” 

[¶4] In a June 9, 2010 letter to the referee, the State represented that two evaluations done at the Minnesota treatment facility complied with the court order for an evaluation and included sufficient information for the court’s registration decision.  The State also indicated copies of the reports had been provided to D.J. and his mother, K.L.  The referee responded:

If the Petitioner feels it has the necessary evidence to proceed with a hearing on registration then by all means schedule the hearing.  Please make sure that Respondent’s Counsel has all necessary discovery, including any documents, case notes, and reports that any witness would be relying on to testify.  The Court is treating this hearing as part of disposition and evidence will be received under that standard.

The scheduling of the hearing should take into account the Respondent Child being transported from Minnesota so an early afternoon may work best.  

[¶5] D.J. thereafter objected to the proposed admission of August 3 and August 4, 2009 evaluations at the Minnesota facility.  D.J. and K.L. made further discovery requests, and the State responded that it was not going to call any witnesses at a scheduled July 14, 2010 hearing, because the State claimed D.J. had the burden of proof under N.D.C.C. § 12.1-32-15(2)(c).  The referee thereafter indicated it would consider any reports or evaluations under the standards for a dispositional hearing and said the State had the burden to show registration was required.

[¶6] The State thereafter requested to have representatives from the Minnesota treatment facility appear telephonically at the July 14, 2010 hearing.  The referee granted the State’s request, and thereafter granted a continuance and a motion by K.L. to compel production by August 6, 2010, of all information, communications, and evaluations from the Minnesota facility.  The State requested judicial review of the referee’s order to compel, and the juvenile court sustained the referee’s decision and ordered the State to produce the information by September 17, 2010.  

[¶7] A registration hearing was scheduled for October 13, 2010, and the referee granted the State’s motion to allow representatives from the Minnesota treatment facility to appear telephonically.  At the hearing, the State indicated it did not intend to call any witnesses or present any evidence, claiming it did not have the burden of showing the requirements for registration.  No evaluations were introduced into evidence at the hearing or made part of the record before the judicial referee.  The referee thereafter issued a written order, concluding the State had the burden of proving D.J. was required to register as a sexual offender and the State had failed to satisfy its burden of proof.  The State requested judicial review of the referee’s decision, and the juvenile court adopted the referee’s order.

II

[¶8] In 
Interest of A.R.
, 2010 ND 84, ¶ 5, 781 N.W.2d 644 (quoting 
Interest of R.W.S.
, 2007 ND 37, ¶ 8, 728 N.W.2d 326), we recently described our standard of review of a juvenile court’s decision:

Under N.D.R.Civ.P. 52(a), this Court reviews a juvenile court’s factual findings under a clearly erroneous standard of review, with due regard given to the opportunity of the juvenile court to judge the credibility of the witnesses.  A finding of fact is clearly erroneous if there is no evidence to support it, if the reviewing court is left with a definite and firm conviction that a mistake has been made, or if the finding was induced by an erroneous view of the law.  This Court reviews questions of law de novo.

III

[¶9] The State argues N.D.C.C. § 12.1-32-15(2)(c) requires a juvenile such as D.J. to register as a sexual offender and allows deviation from registration only if the juvenile has not previously been convicted as a sexual offender or for a crime against a minor and the juvenile did not exhibit mental abnormality or predatory conduct in the commission of the offense.  The State does not dispute this is D.J.’s first offense, but argues the court did not make the necessary findings about mental abnormality or predatory conduct and erred in deviating from the requirement for D.J. to register as a sexual offender.  D.J. and K.L. respond that, when read with N.D.C.C. § 27-20-

24(3) and in view of due process considerations, N.D.C.C. § 12.1-32-15(2)(c) requires the State to prove the elements for registration and the State failed to present any evidence in this case to sustain its burden of proof.  D.J. and K.L. argue the juvenile court did not err in not requiring D.J. to register as a sexual offender.

[¶10] The issue in this case involves the interpretation of N.D.C.C. § 12.1-32-

15(2)(c) in the context of proceedings regarding a juvenile under the Uniform Juvenile Court Act, N.D.C.C. ch. 27-20.  The interpretation of a statute is a question of law, which is fully reviewable on appeal.  
B.D.H. v. Mickelson
, 2010 ND 235, ¶ 4, 792 N.W.2d 169.  Our primary objective in interpreting a statute is to determine the legislature’s intent, and we initially look to the language of the statute to determine that intent.  
Id.
 at ¶ 6. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless they are defined by statute or unless a contrary intention plainly appears.  N.D.C.C. § 1-02-02.  Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1-02-07.  The letter of a statute cannot be disregarded under the pretext of pursuing its spirit when the language of the statute is clear and unambiguous.  N.D.C.C. § 1-02-05.  

[¶11] Section 12.1-32-15, N.D.C.C., outlines requirements for registration as a sexual offender and provides, in relevant part:

2. The court shall impose, in addition to any penalty provided by law, a requirement that the individual register, within three days of coming into a county in which the individual resides or within the period identified in this section that the individual becomes temporarily domiciled. . . .  The court shall require an individual to register by stating this requirement on the court records, if that individual:

. . . .

c. Is a juvenile found delinquent under subdivision d of subsection 1 of section 12.1-20-03, subdivision a of subsection 2 of section 12.1-20-03, or as a sexual offender for a misdemeanor. The court may deviate from requiring the juvenile to register if the court first finds the juvenile has not previously been convicted as a sexual offender or for a crime against a child, and the juvenile did not exhibit mental abnormality or predatory conduct in the commission of the offense.

. . . .

4. In its consideration of mental abnormality or predatory conduct, the court shall consider the age of the offender, the age of the victim, the difference in ages of the victim and offender, the circumstances and motive of the crime, the relationship of the victim and offender, and the mental state of the offender.  The court may order an offender to be evaluated by a qualified counselor, psychologist, or physician before sentencing. Except as provided under subdivision e of subsection 2, the court shall state on the record in open court its affirmative finding for not requiring an offender to register.

Section 12.1-32-15(1)(c) and (d), N.D.C.C., define “mental abnormality” as “a congenital or acquired condition of an individual that affects the emotional or volitional capacity of the individual in a manner that predisposes that individual to the commission of criminal sexual acts to a degree that makes the individual a menace to the health and safety of other individuals,” and “predatory” as “an act directed at a stranger or at an individual with whom a relationship has been established or promoted for the primary purpose of victimization.”

[¶12] The plain language of N.D.C.C. § 12.1-32-15(2)(c), allows a deviation from the requirement for registration as a sexual offender for first time juvenile offenders who commit certain enumerated offenses but do not exhibit mental abnormality or predatory conduct in the commission of the offense.  That language indicates that registration is ordinarily required for juveniles found delinquent under N.D.C.C. § 12.1-20-03(1)(d), but allows a court some discretion in limited circumstances to permit deviation from registration for first time offenders who do not exhibit mental abnormality or predatory conduct in the commission of the offense.  Section 12.1-32-

15(4), N.D.C.C., authorizes the court to order an offender to be evaluated by a qualified counselor, psychologist, or physician before sentencing, and an individual’s sentence may include a requirement for registration under N.D.C.C. § 12.1-32-15(2).

[¶13] The Uniform Juvenile Court Act, N.D.C.C. ch. 27-20, also authorizes juvenile courts to order appropriate evaluations for juveniles.  During the pendency of any proceeding, the juvenile court may order a child to be examined at a suitable place by a physician, a psychologist, or a certified addiction counselor.  N.D.C.C. § 27-20-

28(2)(a).  If the allegations in a petition are admitted by a party, the court, prior to a hearing on the need for treatment or rehabilitation and disposition, may direct a social study and report in writing to the court be made by the director of juvenile court or other person designated by the court relating to matters relevant to the disposition of the case.  
N.D.C.C. §
 27-20-28(1).  Under N.D.C.C. § 27-20-29(2), “[i]f the court finds on proof beyond a reasonable doubt that the child committed the [delinquent] acts . . . , it shall proceed immediately or at a postponed hearing to hear evidence as to whether the child is in need of treatment or rehabilitation and to make and file its findings thereon,” and “[i]n the absence of evidence to the contrary, evidence of the commission of acts which constitute a felony is sufficient to sustain a finding that the child is in need of treatment or rehabilitation.”  In hearings for disposition of a child, “all evidence helpful in determining the questions presented, including oral and written reports, may be received by the court and relied upon to the extent of its probative value even though not otherwise competent in the hearing on the petition,” and “[t]he parties or their counsel must be afforded an opportunity to examine and controvert written reports so received and to cross-examine individuals making the reports.”  N.D.C.C. § 27-20-29(4).

[¶14] We construe the provisions of N.D.C.C. § 12.1-32-15 and N.D.C.C. ch. 27-20 together to authorize that the disposition of a juvenile found delinquent under N.D.C.C. § 12.1-20-03(1)(d) requires registration as a sexual offender under N.D.C.C. § 12.1-32-15(2)(c) unless the court finds the requirements for deviation from registration are met.  In assessing the requirements for deviation from registration under those provisions, a juvenile court may order the preparation of a report or evaluation for purposes of registration, may require production of the report or evaluation at a registration hearing, and may rely on the report or evaluation in making necessary findings on the requirements for registration or for a deviation from registration.

[¶15] Here, the judicial referee ordered an evaluation of D.J. after he admitted committing the delinquent act alleged in the petition, a violation of N.D.C.C. § 12.1-

20-03(1)(d), but the evaluation was not made available to the referee at the registration hearing or otherwise made part of the record.  The parties’ procedural disagreements regarding discovery demonstrate there were some reports or evaluations available, but those reports or evaluations were not made part of the record before the juvenile court or this Court.  We recognize that N.D.C.C. § 27-20-

24(3) generally provides the “state’s attorney upon request of the court shall present the evidence in support of any allegations of the petition not admitted and otherwise conduct the proceedings on behalf of the state.”  Regardless of which party may have the ultimate burden of production or persuasion for the requirements of registration, however, the statutory framework authorizes the juvenile court to order, to require production of, and to rely on court-ordered reports or evaluations, and requires the juvenile court to make necessary findings about mental abnormality or predatory conduct ostensibly from information in those reports or evaluations.  
See
 N.D.C.C. §§ 12.1-32-15(4); 27-20-28(1) and (2); 27-20-29(2) and (4).  Although the parties may controvert information in the reports or evaluations, the court may require production of those court-ordered reports or evaluations for purposes of making necessary findings on the requirements for registration.

[¶16] Without those court-ordered reports or evaluations, the judicial referee was unable to make findings required by N.D.C.C. § 12.1-32-15(4).  We conclude the juvenile court erred in not requiring production of the court-ordered reports or evaluations for consideration and in not making findings required under N.D.C.C. § 12.1-32-15(4).  We therefore reverse the juvenile court order and remand for proceedings consistent with this opinion.

IV

[¶17] We reverse the juvenile court order and remand for further proceedings.

[¶18]
 Mary Muehlen Maring

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

I concur in the result.

Daniel J. Crothers