Filed 7/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 141

State of North Dakota, Plaintiff and Appellee

v.

Harlan Kleppe, Defendant and Appellant

No. 20100354

Appeal from the District Court of Kidder County, South Central Judicial District, the Honorable Bruce A. Romanick, Judge.

State of North Dakota, Plaintiff and Appellee

v.

William Dethloff, Defendant and Appellant

No. 20110029

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by Maring, Justice.

Bryan D. Denham (argued), Assistant State’s Attorney, Courthouse, 514 E. Thayer Ave., Bismarck, N.D. 58501, for plaintiff and appellee.

Robert V. Bolinske, Jr. (argued), 402 E. Main, Ste. 100, Bismarck, N.D. 58501, and Daniel Harry Oster (appeared), P.O. Box 1015, Bismarck, N.D. 58502-

1015, for defendants and appellants.

State v. Kleppe; State v. Dethloff

Nos. 20100354 & 20110029

Maring, Justice.

[¶1] In consolidated appeals, Harlan Kleppe appeals from a criminal judgment entered on his conditional guilty plea to the charge of unlawfully hunting and shooting big game, and William Dethloff appeals from a criminal judgment entered on his conditional guilty plea to the charge of unlawfully taking and possessing big game.  On appeal, Kleppe and Dethloff argue the trial court abused its discretion in granting the State’s motions in limine to preclude them from introducing evidence on the defenses of depredation and defense of property at trial.  They also claim the trial court improperly declined to give their proposed jury instructions on the affirmative defenses of excuse and mistake of law.  Lastly, Dethloff asserts the trial court abused its discretion by requiring him to pay $8,500 in restitution.  We affirm in part, reverse in part, and remand to the trial court for a further restitution hearing and order consistent with this opinion.

I

[¶2] On March 2, 2010, the State charged Dethloff with seventeen counts of unlawfully taking and possessing deer in violation of N.D.C.C. §§ 20.1-05-01 and 20.1-05-02.  On March 19, 2010, the State charged Kleppe with unlawfully hunting and shooting big game in violation of N.D.C.C. § 20.1-05-02.  Both pleaded not guilty to the charges.  

[¶3] The State filed a motion in limine in each case to exclude any evidence on the defenses of depredation and defense of property.  

[¶4] In Kleppe’s case, the trial court granted the State’s motion and declined to give Kleppe’s proposed jury instructions on excuse and mistake of law.  The trial court found Kleppe admitted to shooting in the general direction of deer without a license and during off season.  The trial court further found game wardens located a number of dead deer on Kleppe’s property.  Noting the offense of unlawfully hunting and shooting big game is a strict liability offense, the trial court concluded Kleppe could not raise any affirmative defenses.  Kleppe entered a conditional plea of guilty to the charge of unlawfully hunting and shooting big game, preserving his right to an appeal. 

[¶5] In Dethloff’s case, the trial court issued an order, finding the defenses of depredation and defense of property inapplicable, but allowing Dethloff to present evidence at trial on his reasons for shooting the deer.  In its order, the trial court declined to give Dethloff’s proposed jury instructions on excuse and mistake of law because he had not established he was entitled to them.  On the day of trial, however, the trial court revised its ruling on the issue of applicable defenses, stating Dethloff had no defenses available to him because the offense of unlawfully taking and possessing deer is a strict liability offense.  Dethloff made an offer of proof and entered a conditional plea of guilty, preserving his right to an appeal.  The trial court entered a criminal judgment and ordered Dethloff to pay restitution in the amount of $8,500.

[¶6] Kleppe and Dethloff appealed and moved to consolidate their appeals under Rule 3(b) of the North Dakota Rules of Appellate Procedure, stipulating the legal issues in both cases are identical.  We granted the motion to consolidate.  

II

[¶7] Kleppe and Dethloff argue the trial court abused its discretion by granting the State’s motions in limine to preclude them from introducing evidence on the defenses of depredation and defense of property at trial. We disagree. 

[¶8] We review a trial court’s decision on a motion in limine for an abuse of discretion.  
State v. Buchholz
, 2006 ND 227, ¶ 7, 723 N.W.2d 534.  A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner.  
Id.
  

[¶9] Kleppe and Dethloff argue the trial court abused its discretion by excluding any evidence on the defense of depredation.  Kleppe and Dethloff assert they have a right to kill any wild fur-bearing animal committing depredations on their crops under N.D.C.C. § 20.1-07-04 and were, therefore, entitled to present evidence on the defense of depredation at trial.  Section 20.1-07-04, N.D.C.C., states:

A landowner or tenant or that person’s agent may catch or kill any wild fur-bearing animal that is committing depredations upon that person’s poultry, domestic animals, or crops, except a landowner or tenant or that person’s agent shall notify and obtain the approval of the director before catching or killing a black bear.

Kleppe and Dethloff’s argument is without merit.  Section 20.1-01-02(5), N.D.C.C., defines deer as a big game animal, not a fur-bearer.  
Compare
 N.D.C.C. § 20.1-01-

02(5) (including deer in the definition of big game) 
with
 N.D.C.C. § 20.1-01-02(15) (not listing deer in the definition of fur-bearers).  Accordingly, the defense of depredation is inapplicable to killing deer and the trial court did not abuse its discretion by precluding Kleppe and Dethloff from introducing evidence related to the defense of depredation at trial.  
See
 
Buchholz
, 2006 ND 227, ¶ 7, 723 N.W.2d 534 (stating a trial court has broad discretion in deciding whether evidence is relevant and explaining an appellate court will not reverse a trial court’s decision to exclude evidence on the basis of relevance).

[¶10] Kleppe and Dethloff further argue the North Dakota Constitution affords them the right to defend their property and claim they should have been allowed to present evidence on the defense of defense of property at trial.  We have repeatedly cautioned that parties raising a constitutional claim must provide persuasive authority and a reasoned analysis to support the claim.  
Whelan v. A.O.
, 2011 ND 26, ¶ 10, 793 N.W.2d 471.  We have further explained we will decide only those issues that have been thoroughly briefed and argued, and we will not “search the record and the applicable caselaw to discover deprivation of constitutional magnitude when the party attempting to claim a constitutional violation has not bothered to do so.”  
Id.
  Kleppe and Dethloff have submitted only bare, conclusory assertions to support their claim on the applicability of the constitutional defense of defense of property.  By failing to provide adequate support for their constitutional argument, Kleppe and Dethloff have waived the issue on appeal.  
See
 
id.
 at ¶¶ 10-11.  Therefore, we decline to address it.

III

[¶11] Kleppe and Dethloff argue the trial court erred in refusing to give their requested jury instructions on the defenses of excuse and mistake of law.  Specifically, Kleppe and Dethloff assert the trial court erroneously concluded no defenses were available to them because they were charged with a strict liability offense.

[¶12] “We review jury instructions as a whole to determine whether they fairly and adequately advise the jury of the applicable law.”  
State v. Zottnick
, 2011 ND 84, ¶ 6, 796 N.W.2d 666.  A defendant is entitled to a jury instruction on a defense if the evidence creates a reasonable doubt about an element of the offense.  
Id.
  We view the evidence in the light most favorable to the defendant to determine whether sufficient evidence exists to support a jury instruction.  
Id.
  A trial court may refuse to give a jury instruction that is irrelevant or inapplicable, but errs if it refuses to instruct the jury on an issue adequately raised by the defendant.  
Id.
 

[¶13]  The trial court declined to give Kleppe and Dethloff’s proposed jury instructions on excuse and mistake of law, stating the offense of unlawfully taking and possessing deer was a strict liability offense, not subject to any defenses.  The trial court explained section 20.1-05-02, N.D.C.C., does not contain a culpability requirement, making the offense of unlawfully taking and possessing deer a strict liability offense.  The trial court further explained affirmative defenses, such as mistake of law, are ordinarily inapplicable when the governing statute contains no culpability requirement.  Accordingly, the trial court concluded the defenses of excuse and mistake of law are inapplicable to the strict liability offense of unlawfully taking and possessing deer.

[¶14] The legislature may enact strict liability offenses that require no intent.  
State v. Haugen
, 2007 ND 195, ¶ 7, 742 N.W.2d 796.  Section 20.1-05-02, N.D.C.C., provides:  “[A] person may not hunt, harass, chase, pursue, take, attempt to take, possess, transport . . . a big game animal except as provided in this title.”  The statute does not specify a culpability requirement and thus, the trial court did not err in concluding the offense of unlawfully taking and possessing big game is a strict liability offense.  
See
 
State v. Holte
, 2001 ND 133,  ¶ 10, 631 N.W.2d 595 (stating that when a statute outside of Title 12.1, N.D.C.C., does not specify a culpability requirement, the offense is a strict liability offense for which no proof of intent is needed).

[¶15] A statute establishing a strict liability offense, however, does not always preclude affirmative defenses.  
Holte
, 2001 ND 133, ¶ 11, 631 N.W.2d 595.  Although rarely, we have permitted an affirmative defense to a strict liability offense when public policy supports the defense or when the defense serves as “a logical accommodation which recognizes the reasons for both the legislative designation of the crimes as strict liability offenses and the constitutional interests of the accused.”  
Id.
; 
see also
 
State v. Rasmussen
, 524 N.W.2d 843, 846 (N.D. 1994) (holding an affirmative defense may be applied when life-threatening circumstances compel the offense). When applicable, a defendant has the burden of proving an affirmative defense by a preponderance of the evidence.  
Holte
, at ¶ 12.

A

[¶16] Kleppe and Dethloff argue the trial court erred in declining to give their proposed jury instruction on excuse.  

[¶17] Section 12.1-05-08, N.D.C.C., provides the basis for asserting the defense of excuse:

A person’s conduct is excused if he believes that the facts are such that his conduct is necessary and appropriate for any of the purposes which would establish a justification or excuse under this chapter, even though his belief is mistaken. . . .   Excuse under this section is a defense or affirmative defense according to which type of defense would be established had the facts been as the person believed them to be.

[¶18] The statute is part of chapter 12.1-05, N.D.C.C., which discusses the defenses of excuse and justification.  The chapter also lists the type of criminal conduct that may be justified or excused.  Criminal conduct that may be justified or excused includes conduct in the execution of public duty, self-defense, defense of others, use of force by persons with parental, custodial, or similar responsibilities, and use of force in defense of premises and property.  
See
 
Zottnick
, 2011 ND 84, ¶ 7, 796 N.W.2d 666; 
see also
 N.D.C.C. §§ 12.1-05-02 to 12.1-05-07.2.  Accordingly, conduct that constitutes a defense may be justified or excused under chapter 12.1-05, N.D.C.C.  
See
 
Zottnick
, at ¶ 8. 

[¶19] The defense of excuse, however, “does not make legal and proper conduct which ordinarily would result in criminal liability.”  
Zottnick
, 2011 ND 84, ¶ 8, 796 N.W.2d 666.  Rather, the defense of excuse “openly recognizes the criminality of the conduct but excuses it because the actor believed that circumstances actually existed which would justify his conduct when in fact they did not.”  
Id.
  We recently explained that “[a] common thread in our cases about excuse is that the circumstances of a defendant’s claimed excuse must be necessary and appropriate for one of the purposes that could establish a justification or excuse under N.D.C.C. ch. 12.1-05.”  
Id.
 at ¶ 11.  Thus, a defendant may be entitled to a jury instruction on excuse and his conduct may be excused if the evidence shows the defendant believed the facts were such that his conduct was necessary and appropriate for any of the purposes that would establish a justification or excuse under N.D.C.C. ch. 12.1-05, even though his belief was mistaken.  
State v. Ness
, 2009 ND 182, ¶ 18, 774 N.W.2d 254.

[¶20] Kleppe and Dethloff claim they were entitled to an excuse jury instruction because they believed shooting the deer constituted conduct that was necessary and appropriate for the defense of their property from deer depredations.  Kleppe and Dethloff are effectively asserting their conduct of unlawfully taking and possessing deer should be excused because they believed such conduct was necessary and appropriate for the defense of their property and defense of property is a purpose that establishes a justification under N.D.C.C. ch. 12.1-05.  We disagree. 

[¶21] Section 12.1-05-06, N.D.C.C., discusses the use of force in defense of property:

Force is justified if it is used to prevent or terminate an unlawful entry or other trespass in or upon premises, or to prevent an unlawful carrying away or damaging of property, if the person using such force first requests the person against whom such force is to be used to desist from his interference with the premises or property, except that a request is not necessary if it would be useless or dangerous to make the request or substantial damage would be done to the property sought to be protected before the request could effectively be made.

[¶22] Here, Kleppe and Dethloff’s requested jury instruction on excuse purports to permit the use of force against deer in defense of their property.  However, for purposes of N.D.C.C. ch. 12.1-05, “[f]orce” is defined as “physical action, threat, or menace 
against another
 . . . .” N.D.C.C. § 12.1-05-12(3) (emphasis added).  Accordingly, the justification of defense of property Kleppe and Dethloff rely on contemplates justifying “physical action, threat, or menace” against another person and not the use of force against a big game animal, such as deer.  We conclude the trial court properly declined to give Kleppe and Dethloff’s proposed jury instruction on excuse because the justification allowed under N.D.C.C. § 12.1-05-06 and the definition of “[f]orce” under N.D.C.C. § 12.1-05-12(3) plainly contemplate taking action against another person, rather than against deer. 

[¶23] Viewing the evidence in the light most favorable to Kleppe and Dethloff, we hold the trial court did not err in declining to give their proposed jury instruction on excuse.

B

[¶24] Kleppe and Dethloff argue the trial court erred in declining to give their proposed jury instruction on mistake of law.

[¶25] Section 12.1-05-09, N.D.C.C, provides the basis for claiming a mistake of law defense:

[A] person’s good faith belief that conduct does not constitute a crime is an affirmative defense if he acted in reasonable reliance upon a statement of the law contained in:

1. A statute or other enactment.

2. A judicial decision, opinion, order, or judgment.

3. An administrative order or grant of permission.

4. An official interpretation of the public servant or body charged by law with responsibility for the interpretation, administration, or enforcement of the law defining the crime.

Mistake of law, however, is rarely available as a defense.  
Buchholz
, 2006 ND 227, ¶ 12, 723 N.W.2d 534; 
State v. Eldred
, 1997 ND 112, ¶ 30, 564 N.W.2d 283 (stating a mistaken belief of the law is seldom available as a defense); 
State v. Patten
, 353 N.W.2d 30, 33 (N.D. 1984) (stating everyone is presumed to know the law).  Further, when the offense is a strict liability offense, a mistaken belief of the law is generally precluded because the offense does not contain a culpability requirement.  
Buchholz
, at ¶ 12.   Although we have allowed the application of an affirmative defense to a strict liability offense in some circumstances, this case is not one of the rare cases when an affirmative defense should be applied.  
See
  
Holte
, 2001 ND 133, ¶ 11, 631 N.W.2d 595 (holding strict liability offenses do not always preclude the application of affirmative defenses); 
Rasmussen
, 524 N.W.2d at 845 (stating public policy factors support affirmative defense to driving under suspension in life-threatening circumstances). 

[¶26] Kleppe and Dethloff make the bare assertion they held a good faith belief they had a constitutional and statutory right to protect their property from deer depredations and argue their good faith belief should have entitled them to a jury instruction on mistake of law.  The record shows otherwise.  The record shows Kleppe admitted to shooting deer without a license because he was angry the deer were eating the feed for his cattle, not because he believed shooting deer without a license is not a crime.  The record further shows Dethloff pleaded guilty to the offense of unlawfully taking and possessing deer in 1997, indicating Dethloff knew shooting the deer during off season was in fact a crime. Accordingly, to the extent Kleppe and Dethloff argue they held a good faith belief shooting deer without a license and during off season was not a crime, their argument is not supported by any evidence in the record.  The trial court properly declined to give their proposed jury instruction on mistake of law.

IV

[¶27] Dethloff argues the trial court abused its discretion by requiring him to pay $8,500 in restitution. 

[¶28] Section 12.1-32-08, N.D.C.C., grants courts the authority to order the payment of restitution as part of a criminal defendant’s sentence.  Before imposing restitution, however, a trial court must hold a restitution hearing.  N.D.C.C. § 12.1-32-08(1).  At the hearing, the State has the burden of proving the amount of restitution by a preponderance of the evidence.  
State v. Gill
, 2004 ND 137, ¶ 7, 681 N.W.2d 832.  Our review of a restitution order is limited to whether the trial court acted within the statutory limits, a standard similar to our abuse of discretion standard of review.  
Id.
 at ¶ 5.  A trial court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner or if it misinterprets or misapplies the law.  
Id.

[¶29] Dethloff pleaded guilty to seventeen counts of unlawfully taking and possessing big game.  The trial court held a restitution hearing and, as part of Dethloff’s sentence, ordered Dethloff to pay $8,500 in restitution.  The trial court explained:

On the restitution issue, [Dethloff’s counsel] pointed out that there wasn’t evidence presented as to each of these deer — what they were, what their ages were, sex, and that sort of thing. . . . Since we don’t have evidence as to what they are, I don’t think I can just arbitrarily assign lesser values.  I think I have to go with what the base value set out is in 34-07-01,
(footnote: 1) which is $500 for deer.  So I believe the appropriate restitution amount in this case, in the absence of specific evidence as to a deviation either up or down from the administrative rule, would be a $500 value, so that’s a total restitution of $8,500.

[¶30] Dethloff argues the trial court erred in setting the restitution amount at $8,500 because the State did not offer any evidence on the value of deer at the restitution hearing, thus failing to meet its burden of proof.  The State asserts the amount of restitution is correct because the trial court could properly take judicial notice of the base value of deer as set out in N.D. Admin. Code § 30-04-07-01.  

[¶31] Section 30-04-07-01, N.D. Admin. Code, provides the base value for wildlife and sets the base value for deer at $500.  Section 30-04-07-02, however, provides that the base values listed in section 30-04-07-01 are subject to an adjustment based on the animal’s age, size, and condition.  The section sets out the following formula for calculating an adjustment: “Value = Base value x Species age and size percent x Species condition percent.”  N.D. Admin. Code § 30-04-07-02.  Thus, the value of big game adult males, two-and-one-half years or older, for example, is set at 150 percent of the base value for deer or $750.  On the other hand, the value for females and males less than two-and-one-half years is 100 percent of the base value, which is $500.  Finally, the adjustment for “[y]oung of the year” is 50 percent of the base value or $250.  

[¶32] At the restitution hearing, the State did not present any evidence as to the age, size, or condition of the deer.  Rather, the State requested the trial court order Dethloff to pay the base value of $500 for each of the deer.  Dethloff objected to the amount, asserting testimony established most of the deer were fawns and does, the value for which is $250 under section 30-04-07-02 of the North Dakota Administrative Code.  Based on the record, we conclude the State failed to prove the amount of restitution by a preponderance of the evidence.  Therefore, the trial court abused its discretion in setting the amount of Dethloff’s restitution at $8,500.  We reverse the order of restitution and remand for a further restitution hearing and order.

V

[¶33] Kleppe and Dethloff appeal from criminal judgments entered on their conditional guilty pleas to the charge of unlawfully hunting, taking, and possessing big game, in violation of N.D.C.C. §§ 20.1-05-01 and 20.1-05-02.  Dethloff further appeals from a restitution order setting the amount of restitution at $8,500.  We affirm the criminal judgments as to the convictions of guilt.  We reverse the order of restitution and remand for a further restitution hearing and order consistent with this opinion.

[¶34] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
Although the transcript refers to N.D. Admin. Code ch. 34-07-01, it is clear based on our review of the record and the applicable law the correct reference is to N.D. Admin. Code § 30-04-07-01.