2014 ND 228

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Penn Charles BRANDBORG, Defendant and Appellant.**

**No. 20140141.**

Supreme Court of North Dakota.

Dec. 18, 2014.

Gerald A. Kuhn, State's Attorney, Napoleon, N.D., for plaintiff and appellee.

Penn C. Brandborg, Fergus Falls, MN, defendant and appellant.

KAPSNER, Justice.

[¶ 1] Penn Brandborg appeals from a criminal judgment entered upon a jury verdict finding him guilty of hunting on posted land without permission in violation of N.D.C.C. § 20.1–01–18. We affirm, concluding there was sufficient evidence to support the jury's verdict.

I

[¶ 2] In January 2013, while hunting coyotes in Logan County, Brandborg and a companion entered onto property owned by Joyce Haag and operated by her son, Keith Haag. To enter the property, Brandborg drove off of the main road onto an access approach road entering Joyce Haag's property. Joyce Haag owned the property on both sides of the access road. At the intersection of the main road and the access road, there was a no hunting sign posted on the north side of the access road. Anyone entering the property by the access road would have to drive right by the posted no hunting sign. Brandborg claimed that he believed the no hunting sign applied only to the land north of the access road, and he proceeded to drive into the field south of the access road to hunt.

[¶ 3] One of the Haags' neighbors, Howard Schultz, heard shots coming from the direction of the Haag property and drove over to investigate. Upon seeing Brandborg's vehicle on the Haag property, he called Keith Haag and was told no one had permission to hunt on the land. The Brandborg vehicle then returned to the access road, and Schultz briefly spoke with Brandborg. Schultz provided the license number of Brandborg's vehicle to the local game warden, who subsequently located Brandborg and the vehicle at a gas station in the area.

[¶ 4] Brandborg was charged with hunting on posted land without permission in violation of N.D.C.C. § 20.1–01–18. Following a trial, the jury found Brandborg guilty and a criminal judgment was entered. Brandborg has appealed, alleging the land was not properly posted and there was insufficient evidence for the jury to find him guilty.

II

[¶ 5] Hunting on posted land without permission is prohibited by N.D.C.C. § 20.1–01–18:

No person may hunt or pursue game, or enter for those purposes, upon legally posted land belonging to another without first obtaining the permission of the person legally entitled to grant the same.... A person who violates this section is guilty of a class B misdemeanor for the first offense and a class A

misdemeanor for a subsequent offense within a two-year period.

[¶ 6] Similar to other illegal hunting offenses created in N.D.C.C. tit. 20.1, the statute contains no culpability requirement and therefore is a strict liability offense. *See, e.g., State v. Mittleider,* 2011 ND 242, ¶ 8, 809 N.W.2d 303; *State v. Kleppe,* 2011 ND 141, ¶ 14, 800 N.W.2d 311. Accordingly, the State need prove only that the defendant was hunting on legally posted land without permission to establish a violation. There is no requirement to demonstrate intent or knowledge, and the defendant's mistaken belief of the law or the facts is immaterial. *See Mittleider,* at ¶ 9; *Kleppe,* at ¶ 25.

[¶ 7] Brandborg acknowledges the strict liability nature of the offense, but contends that the parcel of land on which he hunted had not been properly posted to prohibit hunting, and accordingly there was insufficient evidence to support the jury verdict. This Court will reverse a criminal conviction "only if, after viewing the evidence and all reasonable evidentiary inferences in the light most favorable to the verdict, no rational factfinder could have found the defendant guilty beyond a reasonable doubt." *State v. Wacht,* 2013 ND 126, ¶ 26, 833 N.W.2d 455 (quoting *State v. Barendt,* 2007 ND 164, ¶ 9, 740 N.W.2d 87).

[¶ 8] In North Dakota, permission to hunt on private land is assumed unless the land has been legally posted. *Gray v. North Dakota Game & Fish Dep't,* 2005 ND 204, ¶ 12, 706 N.W.2d 614. The requirements for posting land are delineated in N.D.C.C. § 20.1–01–17(1):

Only the owner or tenant or an individual authorized by the owner of land may post the land by placing signs alongside the public highway or the land giving notice that hunting is not permitted on the land. The name of the person posting the land must appear on each sign in legible characters. The signs must be readable from the outside of the land and must be placed conspicuously not more than eight hundred eighty yards [804.68 meters] apart. As to land entirely enclosed by a fence or other enclosure, posting of signs at or on all gates through the fence or enclosure constitutes a posting of all the enclosed land.

[¶ 9] Brandborg's arguments on appeal are essentially premised on two assertions. He first contends that, because the land to the south of the access road lies in a different quarter-section than the land on the north side of the access road, where the no hunting sign was posted, the land south of the access road constituted a separate parcel and had to be separately posted. Second, he asserts that he believed the sign on the north side of the access road was a "corner sign," indicating only that land to the north and east of the access road was posted against hunting. He claims that, in order to properly post the land to the south and east of the access road, a separate "corner sign" would be required on the south side of the access road.

[¶ 10] Brandborg's arguments are not supported by the language of N.D.C.C. § 20.1–01–17(1). The statute says nothing about treating contiguous quarter-sections of land owned by the same person as separate parcels which must be separately posted. Rather, the statute requires only that the owner of "the land" must post signs along the public highway or the land stating that hunting is not permitted on "the land," the signs must be readable from outside the land, and the signs must be no more than 880 yards apart. Nothing in the statute requires the owner of land in contiguous quarter-sections to individually post each quarter-section separately.

Rather, the clear import of the statute is that hunting is prohibited on "the land" for 880 yards on either side of a legally posted sign.

[¶ 11] Similarly, N.D.C.C. § 20.1-01-17(1) makes no mention of "corner signs." Again, the statute merely requires an owner to post signs along the public highway every 880 yards to prohibit hunting within an 880 yard zone on each side of the sign. Although Brandborg may have believed that the sign on the north side of the access road was a "corner sign," his mistaken belief of fact or law is immaterial and does not provide a defense to this strict liability offense. *See Mittleider,* 2011 ND 242, ¶¶ 7-9, 809 N.W.2d 303; *Kleppe,* 2011 ND 141, ¶ 25, 800 N.W.2d 311.

 [¶ 12] Brandborg contends that the result in this case improperly shifts the burden to the hunter to determine who owns the contiguous land and to ascertain whether it is properly posted. We have previously indicated, however, that the illegal hunting statutes do place the burden upon the hunter to ensure that the land is open to hunting. In *Mittleider,* 2011 ND 242, ¶ 8, 809 N.W.2d 303, the defendants were charged with illegally hunting on a wildlife refuge. They argued that they believed the land where they were hunting was outside the boundaries of the wildlife refuge, but the game warden, using GPS technology, ascertained they had shot a deer within the boundaries of the wildlife refuge. *Id.* at ¶¶ 2-4. Rejecting their mistake of fact defense, this Court noted that "[t]he Mittleiders could have determined the boundaries of the refuge before the deer was shot." *Id.* at ¶ 11. Similarly, Brandborg could have ascertained ownership of the land here and whether it was posted before entering the land to hunt. Because the offense is a strict liability offense and intent, knowledge, notice, and mistake of fact or law are immaterial, *id.* at ¶¶ 7-9, the provisions of N.D.C.C. §§ 20.1-01-17(1) and 20.1-01-18 place the onus upon the hunter to ensure the land is not posted or otherwise restricted before entering onto the land to hunt.

[¶ 13] Brandborg failed to establish that the land was not legally posted in accordance with the requirements of N.D.C.C. § 20.1-01-17(1). Brandborg concedes that he drove right past the posted no hunting sign to enter the Haag property and that he was hunting in an area situated less than 880 yards south of the posted sign. We therefore conclude there was sufficient evidence to support the jury's verdict finding Brandborg guilty of hunting on posted land in violation of N.D.C.C. § 20.1-01-18.

### III

[¶ 14] The judgment is affirmed.

[¶ 15] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.