2005 ND 125

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Brian J. HATLEWICK, Defendant and Appellant.**

No. 20040336.

Supreme Court of North Dakota.

July 13, 2005.

718

Thomas E. Merrick, Merrick & Schaar Law Firm, Jamestown, N.D., for defendant and appellant.

Frederick R. Fremgen, State's Attorney, Jamestown, N.D., for plaintiff and appellee.

SANDSTROM, Justice.

[¶ 1] Brian Hatlewick appeals from a criminal judgment convicting him on three counts of willfully permitting livestock to run at large in violation of N.D.C.C. § 36–11–01. We affirm the convictions.

I

[¶ 2] Hatlewick was charged with four counts of stock running at large through failure to maintain a lawful fence. At the bench trial, Hatlewick's neighbors testified that his cattle had been loose on their property on more than one occasion, destroying crops and various other items. Hatlewick presented evidence that the fences complied with the definition of a legal fence and that as soon as he was notified, the fences were fixed where the cattle had gone through. The trial court found Hatlewick guilty on three counts of willfully permitting livestock to run at large and entered a criminal judgment on November 2, 2004. Hatlewick appealed on November 24, 2004. On January 26, 2005, after a hearing, the trial court issued a restitution order.

[¶ 3] The trial court had jurisdiction under N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06(2).

II

[¶ 4] Hatlewick argues there was insufficient evidence to convict him, because the State did not prove his fence was illegal. Hatlewick's case was tried before a judge in a bench trial. Our standard of review for a defendant's challenge to the sufficiency of the evidence is the same in a bench trial and a jury trial. *State v. Johnson*, 425 N.W.2d 903, 906 (N.D.1988). The standard of review is well-established:

In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.

*State v. Schill*, 406 N.W.2d 660, 660 (N.D. 1987) (citations omitted).

[¶ 5] Hatlewick was convicted of allowing his livestock to run at large in violation of N.D.C.C. § 36–11–01.

> Livestock running at large prohibited—Penalty. No livestock may be permitted to run at large. Any owner or possessor of livestock who willfully permits the livestock to run at large through failure to maintain a lawful fence as provided in section 47–26–01, except in grazing area as provided in section 36–11–07, is guilty of a class B misdemeanor.

A legal fence is defined as:

> A barbed wire fence consisting of at least three barbed wires with at least number twelve and one-half gauge wire, the wire to be fastened firmly to posts which shall be not more than twenty feet [6.10 meters] or not more than forty feet [12.19 meters] and three stays apart. The top wire shall be not less than forty inches [101.6 centimeters] high, the bottom wire shall be not more than sixteen inches [40.64 centimeters] above the ground, and no two adjacent wires shall be separated by more than sixteen inches [40.64 centimeters].

N.D.C.C. § 47–26–01(5).

[¶ 6] The State presented testimony that the cattle simply pushed down the wires on the fence involved in counts three and four. Deputy Mayer testified the wires were on the wrong side of the posts, allowing the cattle to easily push against the wires, loosen the fasteners, and walk over the fence. Hatlewick argues the statute does not specify to which side of the posts the wire needs to be attached. However, that issue does not need to be decided. The statute requires "the wire to be fastened firmly to posts." When cattle merely push against the wire and push the fence down, the wire is not "fastened firmly" to the posts, and the fence does not comply with N.D.C.C. § 47–26–01(5).

Therefore, Hatlewick's cattle were running loose as the result of an illegal fence. The record also contains neighbors' testimony that the cattle had been out on several occasions during June and August. Hatlewick testified he knew the fence needed to be fixed in certain areas where cattle were getting through. Viewing the evidence in a light most favorable to the State and giving the State the benefit of all inferences reasonably to be drawn in its favor, the evidence would allow a rational fact finder to determine Hatlewick was guilty beyond a reasonable doubt. *Schill*, 406 N.W.2d at 660. Hatlewick's convictions are supported by sufficient evidence.

### III

[¶ 7] Hatlewick argues the trial court erred by admitting into evidence Hatlewick's prior conviction for permitting livestock to run at large. Hatlewick argues the conviction's probative value was outweighed by the danger of unfair prejudice. The State argues the conviction was properly admitted because part of Hatlewick's defense was that the cattle escaped by accident or by mistake.

[¶ 8] Rule 404(b), N.D.R.Ev., governs the admissibility of prior crimes evidence. Rule 404(b), in relevant part, states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

We have explained the rationale of Rule 404. "Evidence of prior acts or crimes is generally not admissible unless it is substantially relevant for some purpose other

than to point out the defendant's criminal character and thus to show the probability that he acted in conformity therewith." *State v. Biby*, 366 N.W.2d 460, 463 (N.D. 1985). The rule acknowledges the inherent prejudicial effect prior bad act evidence may have on the trier of fact and limits its use under specifically recognized exceptions. *State v. Micko*, 393 N.W.2d 741, 744 (N.D.1986). The rule "does not authorize automatic admission merely because the proponent advances a proper purpose for the evidence"; instead, the relevance and probative value of the evidence must be demonstrated. *Id.*

▇ [¶ 9] When using Rule 404(b), a trial court is to apply a three-step analysis, which considers:

1) the purpose for which the evidence is introduced, 2) the evidence of the prior act or acts must be substantially reliable or, "clear and convincing," and, 3) in criminal cases, there must be proof of the crime charged which permits the trier of fact to establish the defendant's guilt or innocence independently on the evidence presented, without consideration of the evidence of the prior acts. Following this analysis, the trial court must finally determine if, under Rule 403, the probative value of the evidence outweighs any possible prejudicial effect.

*State v. Christensen*, 1997 ND 57, ¶ 7, 561 N.W.2d 631 (citations omitted). We review a trial court's evidentiary ruling under an abuse-of-discretion standard. "A trial court abuses its discretion in evidentiary rulings when it acts arbitrarily, capriciously, or unreasonably or if it misinterprets or misapplies the law." *State v. Ramsey*, 2005 ND 42, ¶ 8, 692 N.W.2d 498 (citations omitted).

[¶ 10] Unfortunately, the trial court did not make specific findings regarding this analysis. However, the record supports the trial court's decision to admit the prior

conviction into evidence. The State gave notice that the purpose for introducing Hatlewick's prior conviction was to rebut his claim that the cattle running loose was a mistake or an accident. Rule 404(b) clearly allows the admission of prior crime evidence for other purposes such as "absence of mistake or accident." The proposed evidence was a criminal judgment, which is "clear and convincing." *Christensen*, 1997 ND 57, ¶ 7, 561 N.W.2d 631. As we previously noted, the trial court also had adequate proof of the crimes charged, satisfying the initial three-step analysis.

▇ [¶ 11] Under Rule 403, N.D.R.Ev., the trial court must also decide whether the probative value of the prior conviction outweighs any possible prejudicial effect. Rule 403, N.D.R.Ev., states:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The State notified Hatlewick it would be using the evidence for a proper purpose under Rule 404(b), N.D.R.Ev. However, "Rule 404(b) does not authorize automatic admission merely because the proponent advances a proper purpose for the evidence"; instead, the relevance and probative value of the evidence must be demonstrated. *Micko*, 393 N.W.2d at 744 (citation omitted). We have recently explained a trial court's ability to exclude evidence under Rule 403:

A trial court should exercise its power to exclude evidence under Rule 403 sparingly, recognizing that "any prejudice due to the probative force of evidence is not unfair prejudice." *State v. Klein*, 1999 ND 76, ¶ 5, 593 N.W.2d 325 (citation omitted). "In determining

whether to exclude evidence under Rule 403, courts should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *State v. Randall,* 2002 ND 16, ¶ 15, 639 N.W.2d 439. Rule 403 applies to unfairly prejudicial evidence, not simply evidence that is prejudicial. *State v. Zimmerman,* 524 N.W.2d 111, 116 (N.D. 1994). "Indeed, no verdict could be obtained without prejudicial evidence." *Id.* (citing *United States v. Noland,* 960 F.2d 1384, 1387 (8th Cir.1992)). *Ramsey,* 2005 ND 42, ¶ 27, 692 N.W.2d 498. Hatlewick presented a defense of mistake or accident because he was sick during the period of time his cattle were loose and was unable to maintain the fences. The State offered the prior conviction to prove his cattle escaping was not just a one-time event. Under these circumstances, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Therefore, the trial court did not abuse its discretion by admitting Hatlewick's prior conviction into evidence.

## IV

■■■ [¶ 12] Hatlewick argues the trial court did not retain jurisdiction to enter a restitution order after he filed his notice of appeal.

[¶ 13] On November 2, 2004, the trial court entered a criminal judgment against Hatlewick, stating in relevant part: "The conditions of probation are as follows: (X) The State may move the court for a restitution hearing within 60 days." On November 24, 2004, Hatlewick filed a notice of appeal from the criminal judgment. On January 26, 2005, the trial court entered an Order for Restitution, noting "the Court reserved the right to amend the Criminal Judgments to include payment of restitution if an amount was determined."

[¶ 14] Section 12.1–32–08(1), N.D.C.C., governing restitution, states in relevant part:

Before imposing restitution or reparation as a sentence or condition of probation, the court shall hold a hearing on the matter with notice to the prosecuting attorney and to the defendant as to the nature and amount thereof. The court, when sentencing a person adjudged guilty of criminal activities that have resulted in pecuniary damages, in addition to any other sentence it may impose, shall order that the defendant make restitution to the victim or other recipient as determined by the court . . . .

N.D.C.C. § 12.1–32–08(1). "Section 12.1–32–08, N.D.C.C., makes the ordering of restitution mandatory." *State v. Vick,* 1998 ND 214, ¶ 6, 587 N.W.2d 567. In accordance with section 12.1–32–08, the trial court reserved the right to amend the criminal judgment to include restitution and did so after notice and hearing.

■■■ [¶ 15] "The right to appeal is statutory in nature." *State v. Wika,* 1998 ND 33, ¶ 6, 574 N.W.2d 831. We have discouraged piecemeal appeals in civil cases. *See Nodak Mut. Farm Bureau v. Kosmatka,* 2000 ND 210, ¶ 5, 619 N.W.2d 852 (noting our policy against piecemeal appeals in granting N.D.R.Civ.P. 54(b) certifications). However, we have never extended this policy to criminal cases. Furthermore, under N.D.C.C. § 29–28–06(2), Hatlewick had the right to appeal from the judgment of conviction, and under N.D.C.C. § 29–28–06(5), Hatlewick may appeal the order for restitution. Although we prefer that all relevant issues be raised in a single appeal, we recognize the constitutional dimensions present in many criminal appeals and the importance of determining restitution when witnesses are available and the evidence is still fresh. In

any event, if separate appeals were filed, under the timelines of this case and other cases in which the restitution hearing is held shortly after conviction, the cases would have been consolidated on appeal and would not, as a practical matter, offend our policy against piecemeal appeals. We conclude the trial court retained jurisdiction over the issue of restitution.

## V

[¶ 16] ·We affirm the convictions and conclude the trial court retained jurisdiction to issue the restitution order.

[¶ 17] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, and MARY MUEHLEN MARING, JJ., concur.