2014 ND 46

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Christopher Mark VANDERMEER, Defendant and Appellant.**

**No. 20130265.**

Supreme Court of North Dakota.

March 11, 2014.

Rehearing Denied April 3, 2014.

Dawn M. Deitz, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Michael R. Hoffman, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Christopher Vandermeer appealed from a criminal judgment entered after a jury found him guilty of gross sexual imposition with a person less than fifteen years old. We affirm, concluding the district court did not abuse its discretion in permitting the victim to testify concerning her age and date of birth over Vandermeer's foundation and hearsay objections. We also conclude the district court properly excluded Vandermeer's mistake of age defense and properly applied N.D.C.C. § 12.1-20-01(1).

I

[¶ 2] Vandermeer was charged with gross sexual imposition with a person less than fifteen years old. Before trial, Vandermeer submitted a request for jury instructions requiring the State to prove he acted intentionally, knowingly or recklessly as to the age of the victim. Vandermeer also requested an affirmative defense of acting mistakenly or unwittingly in regard to the fact the victim was less than fifteen years of age. The court denied the requests. The State filed a motion in limine seeking to exclude testimony that Vandermeer did not know the age of the victim and testimony that the victim represented to Vandermeer she was seventeen years old. On the morning of the trial, the State and Vandermeer met in chambers to discuss the motion. Vandermeer argued that the culpable mental state of willful should apply to the age component of the offense. The court granted the State's motion in limine.

[¶ 3] At trial, Sergeant Canright of the Bismarck Police Department testified he was called to an apartment building. Sergeant Canright testified he observed a younger male and female. The male and female appeared startled by his presence and the female appeared not to be clothed. The officer testified he believed the younger male and female had just finished having sexual intercourse.

[¶ 4] The State also called J.S., the victim. J.S. testified she was fourteen years old and gave her date of birth. Vander-

meer objected to J.S. testifying to her age and date of birth based on hearsay and lack of foundation grounds. The court overruled the objections. J.S. testified she knew Vandermeer on Facebook, but had never met him before the night of the crime. J.S. testified, on the night in question, she sneaked out of her house and met Vandermeer at a gas station. J.S. testified she and Vandermeer walked to a park and talked. She testified it was cold, so they went to an apartment building. J.S. testified they went up a flight of stairs and then sat down. J.S. testified she and Vandermeer started kissing, and had sexual intercourse on two occasions. J.S. testified she and Vandermeer were interrupted by a police officer during the second incident.

[¶ 5] Detective Gaddis also testified. Detective Gaddis testified he investigated the incident and spoke with J.S. and Vandermeer the morning of the incident. Detective Gaddis testified that Vandermeer admitted having sex with J.S. At the close of the State's case, Vandermeer made a motion for acquittal. The motion was denied. The jury returned a verdict of guilty.

## II

[¶ 6] "A district court has broad discretion in evidentiary matters, and we will not overturn a district court's decision to admit or exclude evidence unless the court abused its discretion. The abuse of discretion standard therefore applies when reviewing a district court's evidentiary rulings under the hearsay rule." *State v. Jaster*, 2004 ND 223, ¶ 12, 690 N.W.2d 213 (citation omitted).

[¶ 7] On appeal, Vandermeer argues the court erred in overruling his foundation and hearsay objections to J.S.'s testimony concerning her age and date of birth. Vandermeer contends a person's knowl-edge of his or her date of birth comes from documents that require a foundation. Vandermeer argues the State failed to lay an adequate foundation before J.S. testified about her age and date of birth. Vandermeer also argues the court erred in denying his hearsay objection because the complaining witness's age and date of birth comes from statements made by others.

[¶ 8] Under the North Dakota Rules of Evidence, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." N.D.R.Ev. 602. "The rule states that a witness may testify 'if evidence is introduced sufficient to support a finding' that the witness has personal knowledge." N.D.R.Ev. 602, explanatory note. "This gives the trial judge the power to reject testimony if the judge finds, as a matter of law, that no reasonable juror could believe that the witness perceived the event about which the witness is testifying." *Id.*

[¶ 9] The State argues, under N.D.R.Ev. 804(b)(4), a witness can testify to statements concerning personal or family history to include the witness' date of birth. Rule 804(b)(4)(A), N.D.R.Ev., provides:

> (b) *The Exceptions.* The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> . . . .
>
> (4) *Statement of Personal or Family History.* A statement about: (A) the declarant's own birth . . . .

Thus, a declarant's statement about his or her own birth is not excluded by the rule against hearsay and is admissible in court. However, for the statement to be admissible the declarant must be unavailable as a

witness. Here, J.S. was available as a witness and did in fact testify. Therefore, N.D.R.Ev. 804(b)(4) does not resolve the issue whether J.S. could testify as to her age.

[¶ 10] Rule 803, N.D.R.Ev., provides exceptions to the rule against hearsay where the declarant's availability as a witness is irrelevant. Specifically, N.D.R.Ev. 803(19) states:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> . . . .
>
> (19) Reputation Concerning Personal or Family History. A reputation among a person's family by blood, adoption, or marriage, or among a person's associates or in the community, concerning the person's birth, adoption, legitimacy, ancestry, marriage, divorce, death, relationship by blood, adoption, or marriage, or similar facts of personal or family history.

Rule 803, N.D.R.Ev., is based on Fed. R.Evid. 803. N.D.R.Ev. 803, explanatory note. "When a state rule is derived from a federal rule, the federal courts' interpretation of the rule is persuasive authority." *State v. Evans*, 2013 ND 195, ¶ 17, 838 N.W.2d 605. The Third Circuit Court of Appeals has concluded that, under Fed. R.Evid. 803(19), a witness may testify as to his or her own age and date of birth. *Gov't of Virgin Islands v. Joseph*, 765 F.2d 394, 397 n. 5 (3d Cir.1985). The court held, "the date of one's birth can be considered reputation concerning personal or family history, for which an exception has been made to the hearsay rule under the Federal Rules of Evidence. *See* Fed. R.Evid. 803(19). . . ." *Id.*

[¶ 11] The rule permitting a witness to testify to his or her own age is also consistent with the common law rule. Prior to the enactment of the Federal Rules of Evidence, the Tenth Circuit held that, "Testimony by one as to his age and the date of his birth is in a sense hearsay, but is an exception to the rule that hearsay testimony may not be received in evidence." *Antelope v. United States*, 185 F.2d 174, 175 (10th Cir.1950). The court elaborated, "Courts generally recognize that one is competent to testify as to his age and the date of his birth although of necessity such facts are based upon hearsay and family history." *Id.; see also* 2 Wigmore on Evidence § 667 (Chadbourn rev. 1979) ("Strictly speaking, one cannot exactly know his *own age* except upon hearsay information; for he is not capable of knowing this. . . . But practically a person's belief on this point has a satisfactory basis. Courts have commonly preferred to accept this practical certainty rather than to insist on academic nicety.") (emphasis in original).

[¶ 12] The same practical considerations that undergird the hearsay exception permitting a witness to testify concerning his or her age and date of birth also provide a strong rationale against Vandermeer's foundation argument. As the Supreme Court of Iowa reasoned, evidence to a witness's birth:

> is a fact of which he may be said to have knowledge based on family tradition. Such testimony has been regarded as original, direct, and primary evidence. It is admissible without regard to other or better evidence which has been introduced or which is available, and it is immaterial that the witness' parents are alive and available, or that they actually testify.

*State v. Mitchell*, 568 N.W.2d 493, 500 (Iowa 1997) (quoting 31A C.J.S. *Evidence* § 300(b) (1996)). A witness's testimony concerning his or her date of birth is in-

herently personal knowledge, foundational to their perception and who they are. Under these facts, we conclude the district court did not abuse its discretion in denying Vandermeer's hearsay and foundation objections to the victim's testimony regarding her age and date of birth.

## III

[¶ 13] Vandermeer argues, under N.D.C.C. § 12.1–02–02(3)(a), the culpability requirement of willfully is required when the victim is less than fifteen years old. "Whether an offense is punishable without proof of intent, knowledge, willfulness, or negligence is a question of legislative intent to be determined by the language of the statute in connection with its manifest purpose and design." *State v. Olson*, 356 N.W.2d 110, 112 (N.D.1984). This Court's standard of review for interpreting a statute is well-established:

> The interpretation of a statute is a question of law, which is fully reviewable on appeal. The primary objective in interpreting a statute is to determine the legislature's intent, and we look at the language of the statute first to determine intent. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless they are defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. The letter of a statute cannot be disregarded under the pretext of pursuing its spirit when the language of the statute is clear and unambiguous. N.D.C.C. § 1–02–05. A statute is ambiguous if it is susceptible to different, rational meanings. Statutes are construed as a whole and are harmonized to give meaning to related provisions.

*State v. Clark*, 2011 ND 157, ¶ 11, 801 N.W.2d 732.

[¶ 14] Section 12.1–02–02(2), N.D.C.C., states, "If a statute or regulation thereunder defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully." The Code additionally provides, "Except as otherwise expressly provided, where culpability is required, that kind of culpability is required with respect to every element of the conduct and to those attendant circumstances specified in the definition of the offense. . . ." N.D.C.C. § 12.1–02–02(3)(a).

[¶ 15] Vandermeer was convicted of gross sexual imposition under N.D.C.C. § 12.1–20–03(1)(d), which states, "A person who engages in a sexual act with another, or who causes another to engage in a sexual act, is guilty of an offense if: . . . d. The victim is less than fifteen years old. . . ." Because the statute does not specify a culpability requirement, Vandermeer argues the culpability requirement of "willfully" is required with respect to every element of the offense, including the age of the complaining witness.

[¶ 16] Were that the only provision in the statute governing the crime, we would agree with Vandermeer, but, the North Dakota Century Code also provides it is not a defense that the defendant did not know the victim was below the age of fifteen. "When the criminality of conduct depends on a child's being below the age of fifteen, it is no defense that the actor did not know the child's age, or reasonably believed the child to be older than fourteen." N.D.C.C. § 12.1–20–01(1). Applying the plain, ordinary, and commonly understood meaning of the words of the statute, the language is clear that the State is not required to prove the culpability requirement of willfully for the age element of the offense. The legislature expressly provided that, when the criminal conduct depends on the child being below the age of fifteen, there is no

culpability requirement, thus making the offense a strict liability crime punishable without regard to a mens rea element. *See, e.g., State v. Olson,* 356 N.W.2d 110, 112 (N.D.1984). Applying the strict liability statute, the district court did not err in determining the culpability element of willfully is not required with respect to the age component of the crime.

## IV

[¶ 17] Vandermeer argues N.D.C.C. § 12.1–20–01(1), as the district court applied the statute to him, is unconstitutional. Vandermeer contends it is a violation of his constitutional due process rights to treat the charge against him as a strict liability crime because J.S. represented that she was seventeen years old.

[¶ 18] This Court has permitted, in certain limited instances, affirmative defenses to strict liability crimes when public policy supports the defense, or as "a logical accommodation which recognizes the reasons for both the legislative designation of the crimes as strict liability offenses and the constitutional interests of the accused." *State v. Kleppe,* 2011 ND 141, ¶ 15, 800 N.W.2d 311; *see also State v. Rasmussen,* 524 N.W.2d 843, 846 (N.D.1994) (holding an affirmative defense may be applied when life-threatening circumstances compel the offense to be committed). Vandermeer also argues that, for instance, in *Michlitsch,* this Court recognized the questionable constitutionality of the strict liability offense of possession of a controlled substance against a challenge by a person who possessed the substance unwittingly. *State v. Michlitsch,* 438 N.W.2d 175, 178 (N.D.1989).

[¶ 19] Here, the legislature specifically determined that the crime of gross sexual imposition with a child under the age of fifteen is a strict liability offense.

Because the legislature specifically prohibited a mistake of age defense, Vandermeer's argument for such a defense is not a logical accommodation of the rule. This Court has acknowledged the legislature is better suited than the courts for setting the public policy in North Dakota. *Meyer v. Hawkinson,* 2001 ND 78, ¶ 28, 626 N.W.2d 262. Additionally, the crime of gross sexual imposition, where an individual intentionally engages in a sexual act with another person, is inherently different than the crime of unwitting possession of a controlled substance. *See, e.g., United States v. X–Citement Video, Inc.,* 513 U.S. 64, 72 n. 2, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994) (noting the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age). The majority of other jurisdictions considering this issue have also concluded that denying a defendant a mistake of age defense in a statutory rape case does not deprive the defendant of due process. *See Owens v. State,* 352 Md. 663, 724 A.2d 43, 49 (1999) (discussing a number of jurisdictions that reject the contention that due process requires admitting evidence regarding a defendant's mistake of a victim's age in a statutory rape case). The Maryland Supreme Court reasoned in *Owens,* "sexual intercourse ... can hardly be characterized as passive; it involves conscious activity which gives rise to circumstances that place a reasonable person on notice of potential illegality." *Id.* at 51. The district court did not err in applying N.D.C.C. § 12.1–20–01(1).

## V

[¶ 20] We affirm the criminal judgment.

[¶ 21]  CAROL RONNING KAPSNER, LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.