2016 ND 135

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Robert Anthony PUTNEY, Defendant and Appellant.**

**No. 20160033.**

Supreme Court of North Dakota.

June 30, 2016.

Kelly A. Dillon, Assistant State's Attorney, Minot, N.D., for plaintiff and appellee.

Eric P. Baumann, Minot Public Defender Office, Minot, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Robert Putney appeals from an amended criminal judgment ordering him to pay $49,559 in restitution for the victim's medical expenses related to his aggravated assault conviction. Because the district court did not abuse its discretion in ordering restitution, we affirm.

I

[¶ 2] On June 15, 2014, Minot police arrested Putney for allegedly assaulting his girlfriend. The City of Minot charged Putney with simple assault for violating a city ordinance. On June 16, 2014, Putney pled guilty to the charge in municipal court and the court sentenced him to 30 days in jail.

[¶ 3] In July 2014, the State charged Putney with aggravated assault for shooting his girlfriend during the June 2014 incident. Putney moved to dismiss the charge because of double jeopardy, claiming the two charges related to the same incident. The State argued there were two assaults. The district court denied the motion. Following a bench trial, the court found Putney guilty of aggravated assault. Putney moved for judgment of acquittal and a new trial. The court denied the motions, concluding it could not judicially notice the city ordinance, resulting in its inability to perform a double jeopardy

analysis. The court sentenced Putney to four years in prison followed by five years of probation and reserved jurisdiction to determine restitution at a later date. Putney appealed to this Court.

[¶ 4] While the appeal was pending, the State sought to have Putney pay $99,117.55 in restitution for the victim's medical expenses. *See State v. Hatlewick,* 2005 ND 125, ¶¶ 12–15, 700 N.W.2d 717 (a district court may retain jurisdiction to order restitution and the defendant may separately appeal that order). Following a hearing, the court ordered Putney to pay $49,559 to the Crime Victims Reparation Fund and Trinity Medical Center. In *State v. Putney,* 2016 ND 59, ¶¶ 1, 18, 877 N.W.2d 28, this Court later affirmed Putney's aggravated assault conviction and the order denying his motion for judgment of acquittal, but reversed the order denying his motion for new trial based on double jeopardy and remanded for the district court to determine whether to take judicial notice of Minot's simple assault ordinance and, if it does so, to perform a double jeopardy analysis.

## II

[¶ 5] Putney argues the district court erred in ordering him to pay $49,559 in restitution.

▮ [¶ 6] In *State v. Gates,* 2015 ND 177, ¶¶ 6–7, 865 N.W.2d 816, this Court explained the parameters for ordering restitution:

> The district court may order restitution as part of a criminal defendant's sentence after a hearing on the matter. N.D.C.C. § 12.1–32–08(1). Our review of a restitution order is limited to whether the district court acted within the prescribed limits of the statute, which is similar to the abuse of discretion standard. *State v. Bingaman,* 2002 ND 210, ¶ 4, 655 N.W.2d 57. A district court

abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *State v. Kleppe,* 2011 ND 141, ¶ 28, 800 N.W.2d 311.

"[District] courts have a wide degree of discretion when determining restitution awards." *State v. Gendron,* 2008 ND 70, ¶ 8, 747 N.W.2d 125. In ordering restitution, the court shall consider: (1) the reasonable damages sustained by the victims, (2) the ability of the defendant to pay monetary reparations, and (3) the likelihood that attaching a condition relating to restitution will serve a valid rehabilitation purpose. N.D.C.C. § 12.1–32–08(1). The State has the burden to prove the amount of restitution by a preponderance of the evidence. *Kleppe,* 2011 ND 141, ¶ 28, 800 N.W.2d 311. " 'Evidentiary imprecision on the amount of damages does not preclude recovery.' " *Gendron,* at ¶ 8 (quoting *Keller v. Bolding,* 2004 ND 80, ¶ 21, 678 N.W.2d 578). "When the quantity of damages awarded 'may be hard to prove, the amount of damages is to be left to the sound discretion of the finder of facts.' " *Gendron,* at ¶ 8 (quoting *B.W.S. Invs. v. Mid–Am Restaurants, Inc.,* 459 N.W.2d 759, 764 (N.D.1990)).

▮ [¶ 7] At the beginning of the restitution hearing, Putney's attorney informed the district court that Putney's defense would be limited to Putney's ability to pay. The administrator for the Crime Victims Compensation under Chapter 54–23.4, N.D.C.C., testified that the maximum benefit of $25,000 was paid to Trinity Medical Group for the victim's incurred medical expenses. Putney's attorney did not cross-examine the administrator. The business office director for Trinity Medical Group testified $74,117.55 remained owing to Trinity after offsetting the $25,000 from the Crime Victims Compensation and that

these medical charges related to the June 15, 2014 incident. The director offered an exhibit itemizing the medical charges which was admitted into evidence without objection. Putney's attorney did not cross-examine the director.

[¶ 8] Putney testified about his prior "good employment history", when he worked for BNSF Railroad and Sunwell Services, an oil company, earning about $3,000 per month. Putney testified he was a high school graduate and had taken one year of vocational training for mechanical work. Putney testified his estimated prison release date was January 2018 and he did not forsee any extraordinary living expenses upon his release. When Putney's attorney attempted to argue that none of the expenses were "necessarily tied directly" to the victim's injuries, the court responded "[w]ell you had your chance to make inquiry of the lady from Trinity who said that they all were."

[¶ 9] The court found the total amount of relevant medical expenses was $99,117.55 and "were the direct result of Putney's criminal actions." The court weighed Putney's ability to pay and whether restitution would serve a rehabilitative purpose, and imposed restitution in the amount of $12,500 to the Crime Victims Reparation Fund and $37,059 to Trinity Medical Group, reasoning:

This amounts to one half of the total amount owed, and may itself impose on Putney an obligation he cannot hope to satisfy. The Court further recognizes that having the amount of restitution is an arbitrary figure. The Court finds, however, that given the seriousness of Putney's criminal act, a significant amount of restitution should be paid, even if onerous. One half of the amount, if ever paid, would still be a significant recovery for the providers,

and the fund, and will serve a rehabilitative purpose for Putney.

[¶ 10] The district court's finding of the amount of medical expenses incurred by the victim and the court's finding that these expenses "were the direct result of Putney's criminal actions" are supported by the evidence in the record. We conclude the court did not abuse its discretion in imposing restitution in this case. However, because restitution is part of Putney's sentence for aggravated assault, the restitution order would also be extinguished if it is ultimately determined that double jeopardy barred the aggravated assault charge.

III

[¶ 11] The amended judgment is affirmed.

[¶ 12] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.