Tufte, Justice.
[¶ 1] Kevin Sanchez appeals from an order requiring that he pay $14,526.62 in restitution to victims of his theft crimes. Because the district court did not abuse its discretion in extending its self-imposed deadline for scheduling or holding a restitution hearing and in ordering restitution, we affirm.
I
[¶ 2] In 2017 Sanchez was convicted of several counts of theft of property in Williams County, and the criminal judgments stated that "[r]estitution may be determined at a later date." In September 2017 Sanchez moved for return of property and a determination of restitution. On September 29, 2017, the district court ordered the return of his property "and that a stipulation regarding restitution be filed or a hearing on the same be scheduled within thirty (30) days of the date of this Order."
[¶ 3] On October 27, 2017, the State moved to set a hearing for restitution, and on November 9, 2017, the district court through its calendar control clerk set a hearing for December 18, 2017. On December 11, 2017, Sanchez moved to dismiss the restitution proceeding because:
The 30 days this Court allowed the parties to have restitution to be resolved and settled "Determined" has expired, no extension of time has been requested or granted by this Court. Further, it would seem that it would be outside the jurisdiction of this Court to effect any changes to the Criminal Judgment.
After the hearing was postponed, on January 8, 2018, the court, before the State responded, denied Sanchez's motion without explanation. A hearing was eventually held on January 24, 2018. Sanchez stipulated that he owed the victims the amount sought by the State and the court ordered him to pay restitution in the amount of $14,526.62.
II
[¶ 4] Sanchez argues no restitution should have been assessed because a hearing was not scheduled or held before the district court's 30-day deadline expired.
*190 [¶ 5] A district court may retain jurisdiction to address restitution after a sentence is imposed. See State v. Hatlewick , 2005 ND 125, ¶¶ 12-15, 700 N.W.2d 717 ; see also State v. Putney , 2016 ND 135, ¶ 4, 881 N.W.2d 663. In State v. Carson , 2017 ND 196, ¶ 5, 900 N.W.2d 41, we explained:
When reviewing a restitution order, we look to whether the district court acted "within the limits set by statute," which is a standard similar to our abuse of discretion standard. State v. Gill , 2004 ND 137, ¶ 5, 681 N.W.2d 832. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." Id.
[¶ 6] Under N.D.R.Crim.P. 45(b), a court may extend time limitations:
(b) Extending Time.
(1) In general . When an act must or may be done within a specified time, the court on its own may extend the time, or for good cause may do so on a party's motion made:
(A) before the originally prescribed period or previously extended time expires; or
(B) after the time expires if the party failed to act because of excusable neglect.
(2) Exceptions . The court may not extend the time for taking any action under Rules 35 and 37, except as stated in those rules.
Because the rule uses the word "may," the abuse of discretion standard of review applies to a court's decision to extend time. See, e.g. , State v. Glaser , 2015 ND 31, ¶ 18, 858 N.W.2d 920.
[¶ 7] Although Sanchez argues the State should have filed a N.D.R.Crim.P. 45(b) motion to extend the time to schedule a hearing, the rule specifically states that the district court may extend the time "on its own" without a showing of good cause by a party. Here, the court did not state it was extending the time under N.D.R.Crim.P. 45(b). However, by denying the motion to dismiss and holding the restitution hearing, the court implicitly extended the time "on its own" for purposes of N.D.R.Crim.P. 45(b). See United States v. Shiu Lung Leung , 796 F.3d 1032, 1034-35 (9th Cir.2015) (where court did not find motion for new trial untimely and considered the merits even though motion was filed after the 14-day deadline, the court effectively granted an extension to file under Fed.R.Crim.P. 45(b)(2) ); accord Come Big or Stay Home, LLC v. EOG Res., Inc. , 2012 ND 91, ¶ 4, 816 N.W.2d 80 (assumed court denied N.D.R.Civ.P. 56(f) motion for additional time to respond by granting summary judgment); Dufner v. Trottier , 2010 ND 31, ¶ 4, 778 N.W.2d 586 (motion to stay was effectively denied when hearing was held); Dunn v. State , 2006 ND 26, ¶ 5, 709 N.W.2d 1 (discovery motion effectively denied by summary dismissal).
[¶ 8] Federal courts have ruled that only nonjurisdictional deadlines are subject to extension under Fed.R.Crim.P. 45(b). See Shiu Lung Leung , 796 F.3d at 1034-35. The Explanatory Note to N.D.R.Crim.P. 45 states it is an "adaptation" of Fed.R.Crim.P. 45, and therefore federal courts' interpretations of Fed.R.Crim.P. 45 are helpful. See, e.g. , State v. Vandermeer , 2014 ND 46, ¶ 10, 843 N.W.2d 686. However, we have said, "It is well settled that 'unless a statute imposing a time limit declares that the time limit is jurisdictional, we will not treat the time limit as affecting the jurisdiction of a court or administrative agency.' "
*191 Olson v. Estate of Rustad , 2013 ND 83, ¶ 19, 831 N.W.2d 369 (quoting Interest of T.H. , 2012 ND 254, ¶ 7, 825 N.W.2d 844 ). In cases involving nonjurisdictional time periods, extensions will not invalidate an action unless the complaining party establishes prejudice or detriment. See St. Alexius Med. Ctr. v. N.D. Dep't of Human Servs. , 2018 ND 36, ¶ 13, 906 N.W.2d 343 ; Fireman's Fund Mortg. Corp. v. Smith , 436 N.W.2d 246, 247-48 (N.D. 1989). Here, the 30-day deadline was not imposed by statute or rule, but by the district court's order which the court could extend on its own. The 30-day deadline was not jurisdictional. Sanchez does not claim prejudice resulted from the extension, such as a witness or evidence no longer being available. Indeed, he stipulated to the amount of restitution at the hearing and did not otherwise contest the restitution order.
[¶ 9] We conclude the district court did not abuse its discretion in extending the time to schedule or hold the hearing or in ordering restitution.
III
[¶ 10] The order is affirmed.
[¶ 11] Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.