# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 33

State of North Dakota,                                             Plaintiff and Appellee

      v.

Mark James Pagenkopf,                                          Defendant and Appellant

### No. 20190215

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice, in which Justice Tufte joined. Justice McEvers filed an opinion concurring specially, in which Chief Justice Jensen joined. Justice Crothers filed an opinion dissenting.

Brianna Kraft (argued), third-year law student, under the Rule on Limited Practice of Law by Law Students, and Ryan J. Younggren (appeared), Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Charles J. Sheeley, Fargo, ND, for defendant and appellant.

**VandeWalle, Justice.**

[¶1]   Mark Pagenkopf appealed from a district court's amended criminal judgment awarding restitution. Pagenkopf argues the district court abused its discretion in awarding restitution in the amount of $2,314.35. We affirm.

I

[¶2]   In March 2019, Pagenkopf pleaded guilty to unlawful entry into a vehicle and theft of property under $500. In October 2018, Pagenkopf broke into the victim's 2005 Chrysler Sebring and damaged the radio, speedometer glass, and HVAC controls. He also stole $400 worth of property from the trunk of the car. The State sought restitution for the damages caused by Pagenkopf.

[¶3]   In December 2018, before the restitution hearing was held, the victim was involved in a car accident. As a result, the victim's car was totaled, and the victim was paid $2,000 from insurance. The damages to the victim's car caused by Pagenkopf had not been repaired before the accident.

[¶4]   At the restitution hearing held in July 2019, the State offered into evidence an estimate of the amount to repair the damage done to the victim's car. The estimate totaled $1,914.35. The State asked that $2,314.35 in restitution be paid to the victim for the damages to her car and for the stolen property. Pagenkopf did not refute the State's evidence or present any evidence of his own. However, on cross-examination, Pagenkopf's attorney asked the victim if the insurance payment had been reduced for the damaged radio or speedometer glass, to which the victim replied, "I don't believe so."

[¶5]   At the conclusion of the hearing, the court stated:

> I think under Marcy's [sic] Law I have to award full restitution, at this point in time, for the damages caused. I don't think what happened subsequent—that I'm allowed to take into consideration.

I could be wrong on that. I think under the old law I could. I'm not sure I can under the new law.

The district court awarded $2,314.35 in restitution.

## II

[¶6]   Our standard of review for orders of restitution is well established:

> "When reviewing a restitution order, we look to whether the district court acted within the limits set by statute, which is a standard similar to our abuse of discretion standard. A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law."

> *State v. Rogers*, 2018 ND 244, ¶ 23, 919 N.W.2d 193 (citing *State v. Bruce*, 2018 ND 45, ¶ 4, 907 N.W.2d 773 (internal citations and quotation marks omitted)). "The district courts possess a 'wide degree of discretion when determining restitution awards.'" *Rogers*, at ¶ 23 (citing *State v. Putney*, 2016 ND 135, ¶ 6, 881 N.W.2d 663). "But, 'in determining whether or not the district court abused its discretion through misapplication or misinterpretation of the law,' we apply a de novo standard of review." *Rogers*, at ¶ 23 (citing *State v. Kostelecky*, 2018 ND 12, ¶ 6, 906 N.W.2d 77). "A district court's award of restitution to a crime victim is made under N.D. Const. art. I, § 25(1)(n) and N.D.C.C. § 12.1-32-08." *Rogers*, at ¶ 23. "The 'State has the burden of proving the amount of restitution by a preponderance of the evidence.'" *Rogers*, at ¶ 23 (quoting *State v. Kleppe*, 2011 ND 141, ¶ 28, 800 N.W.2d 311). "When determining restitution, the district court must consider 'the reasonable damages sustained by the victim.'" N.D.C.C. § 12.1-32-08(1)[ ]; *Rogers*, at ¶ 23.

*State v. Walker*, 2019 ND 292, ¶ 5, 936 N.W.2d 45; *see also State v. Strom*, 2019 ND 9, ¶ 5, 921 N.W.2d 660 (stating in addition to statutory requirements we must consider how N.D. Const. art. I, § 25(1)(n) applies).

2

[¶7] Pagenkopf argues the district court abused its discretion in awarding restitution because the victim did not incur any actual expenses as provided in N.D.C.C. § 12.1-32-08(1) because she did not repair the damages and because her car was subsequently totaled. Pagenkopf further argues the court erred in determining N.D. Const. art. I, § 25,[1] prohibited it from considering that the victim's car was totaled subsequent to the damages caused by Pagenkopf.

[¶8] The district court is the finder of fact in ordering restitution. *State v. Kostelecky*, 2018 ND 12, ¶ 13, 906 N.W.2d 77 (citing *State v. Gates*, 2015 ND 177, ¶ 7, 865 N.W.2d 816). Under N.D.C.C. § 12.1-32-08(1), the district court has the authority to order a defendant to pay restitution. Section 12.1-32-08(1)[2] provides:

> In determining the amount of restitution, the court shall take into account the reasonable damages sustained by the victim or victims of the criminal offense, which damages are limited to those directly related to the criminal offense and expenses actually incurred as a direct result of the defendant's criminal action.

[¶9] An award of reasonable damages may include diminution in value, replacement costs, or repair costs. *State v. Tupa*, 2005 ND 25, ¶¶ 8-9, 691 N.W.2d 579. It is within the district court's broad discretion to determine how to calculate reasonable restitution. *Id.* at ¶ 9. No matter the method employed by the district court to calculate damages, "damages sustained" and "expenses actually incurred" are separate and distinct from one another under the statute. A victim may sustain damages without having incurred any expense— which is precisely what occurred in the instant case.

[¶10] The victim had not repaired the damages to her car prior to the accident. At the restitution hearing, the State offered into evidence an estimate to repair

---

[1] Article I, § 25, N.D. Const., is more commonly known as Marsy's Law.
[2] Section 12.1-32-08(1) was amended in 2019 after Pagenkopf committed the underlying offense but before the restitution hearing was held. 2019 N.D. Sess. Laws ch. 117, § 2. Section 12.1-32-08(1) as amended is cited and quoted in this opinion.

the damages totaling $1,914.35, and the victim testified that $400 of property was stolen from the trunk. Pagenkopf did not dispute the estimate or the valuation of the property that was stolen. Rather, Pagenkopf argued the victim was not damaged because she did not repair the damages and did not incur any actual expense. Pagenkopf's argument is not persuasive.

[¶11] Even though the victim did not incur any expenses for having the damages to her car repaired, she was nonetheless damaged by Pagenkopf's vandalism. As a result of Pagenkopf's actions, the victim was forced to drive a car with a damaged radio, speedometer glass, and HVAC controls for two months. The victim was damaged as a direct result of Pagenkopf's delinquent conduct. The fact that the victim did not incur any actual expenses because she chose not to repair the damages or could not afford to repair the damages is not dispositive of whether she sustained damages and is entitled to restitution.

[¶12] Furthermore, the fact that the victim received an insurance payout has no bearing on the court's award of restitution. *State v. Bruce*, 2018 ND 45, ¶ 7, 907 N.W.2d 773. Pagenkopf did not dispute the repair estimate offered by the State or offer any evidence as to the value of the victim's car before it was totaled. And the only evidence that the victim's insurance payment was not reduced as a result of Pagenkopf's vandalism was her testimony on cross-examination at the restitution hearing. The district court was within its discretion to award full restitution even though the subsequent accident depleted the value of the victim's car and mitigated the damages caused by Pagenkopf. *See State v. Gendron*, 2008 ND 70, ¶¶ 4, 9, 747 N.W.2d 125.

[¶13] We conclude the district court did not abuse its discretion by declining to consider the subsequent accident and awarding $2,314.35 in restitution.

[¶14] Moreover, we have recently held that N.D. Const. art. I, § 25, does not change the amount of restitution a district court may order under N.D.C.C. § 12.1-32-08. *Kostelecky*, 2018 ND 12, ¶ 12, 906 N.W.2d 77. The district court determined the victim had sustained damages as a result of Pagenkopf's criminal conduct and awarded reasonable restitution based on the evidence

presented to it. The district court did not abuse its discretion through a misapplication or misinterpretation of N.D. Const. art. I, § 25.

IV

[¶15] The amended criminal judgment awarding restitution is affirmed.

[¶16]   Gerald W. VandeWalle
      Jerod E. Tufte

**McEvers, Justice, concurring specially.**

[¶17] I agree with the majority that the district court did not abuse its discretion by awarding restitution to the victim for damages. I write separately because I think the court was right for the wrong reason. *See Myers v. State*, 2017 ND 66, ¶ 10, 891 N.W.2d 724 (stating, "We will not set aside a district court's decision simply because the court applied an incorrect reason, if the result is the same under the correct law and reasoning."). Both the majority and the dissent have pointed out the court thought it could not consider what happened subsequent to the damage done to the victim's car. I agree with the dissent that the court misapplied the law in stating it could not consider what happened to the victim's car subsequent to the crime. Dissent, at ¶ 27. In this instance it is harmless, because given the facts here, it makes no difference in what the award of restitution should be.

[¶18] As pointed out by the majority, N.D. Const. art. I, § 25 does not change the amount of restitution a district court may order. Majority, at ¶ 14. This Court has previously recognized the court has discretion to consider circumstances that happen after the crime. For example, the return of stolen property may be considered in reducing the amount of restitution. *See State v.*

5

*Gendron*, 2008 ND 70, ¶ 9, 747 N.W.2d 125 (discussing the court may consider the salvage value of stolen merchandise to a store but did not abuse its discretion by not doing so).

[¶19] Here, the victim testified regarding the damage done to her car was $1,914.35 and provided invoices that supported her testimony. The victim testified that the repairs were not made because she could not afford to pay for them. Her car was totaled out as a result of an accident caused by another person and the victim testified she received a little over $2,000 for her car from the other party's insurance company.

[¶20] Pagenkopf's argument is he should not have to pay for the damages to the car because the victim did not "actually incur" the expenses. Both the majority and the dissent agree a victim may sustain damages without incurring an expense. Majority, at ¶ 9; dissent, at ¶ 25. This interpretation is based on this Court's precedents. *State v. Tupa*, 2005 ND 25, ¶¶ 8-9, 691 N.W.2d 579; *see also State v. Kostelecky,* 2018 ND 12, ¶ 14, 906 N.W.2d 77 (discussing diminution of fair market value as an adequate measure of expenses actually incurred). Pagenkopf has cited no legal authority to persuade us to change our position on the interpretation of the statute.

[¶21] It makes no difference here whether the district court considered what happened after the fact. Pagenkopf argued to the court:

> Perhaps it's Mr. Pagenkopf's luck or something or another, [the victim] never had a chance to fix these damages. She was in an accident and the insurance company paid her out and did not deduct for any of these damages in the vehicle. It had no effect on what she was paid out. Therefore, basically, the inside of the damage should go as to zero for as far as restitution is concerned. I think Mr. Pagenkopf was going to dispute some of the internal damages, but I don't believe that's relevant, at this point, it's probably moot, because that she never actually incurred any monetary damage from the damage to the inside of the vehicle.

Even if we construe Pagenkopf's argument broadly to include an argument that the district court should have deducted the insurance proceeds from the

amount of damages when setting restitution, Pagenkopf provided no legal argument the court was required to do so. Likewise, on appeal he has cited no authority, other than the statute and constitutional provision. This Court has not previously been persuaded that insurance proceeds change the analysis of whether an expense is actually incurred as a direct result of the defendant's criminal conduct when the defendant cited no authority for the argument. *State v. Bruce*, 2018 ND 45, ¶ 7, 907 N.W.2d 773. I see no reason to reconsider it here.

[¶22] Because the district court set restitution based on the damages sustained by the victim that were directly related to the criminal offense, I would affirm.

[¶23]   Lisa Fair McEvers
        Jon J. Jensen, C.J.

**Crothers, Justice, dissenting.**

[¶24] I respectfully dissent.

[¶25] Under the North Dakota Constitution and N.D.C.C. § 12.1-32-08(1), a crime victim is entitled to restitution consisting of "reasonable damages." Majority opinion, at ¶ 8. Reasonable damages can be comprised of "damages sustained" and "expenses incurred." *Id.* at ¶ 9. I agree with the majority that each of those damages can be separate and distinct from the other. *Id.* I also agree with the majority that "damages sustained" can be "actually incurred" even though the crime victim has not paid for repairs or otherwise sustained an out of pocket cost related to the damages.

7

[¶26] At the hearing, the district court stated:

> I think under Marcy's [SIC] Law I have to award full restitution, at this point in time, for the damages caused. I don't think what happened subsequent—that I'm allowed to take into consideration. I could be wrong on that. I think under the old law I could. I'm not sure I can under the new law.

[¶27] Our standard of review is abuse of discretion, and a district court abuses its discretion when it misinterprets or misapplies the law. *State v. Carson*, 2017 ND 196, ¶ 5, 900 N.W.2d 41. I believe the district court misinterpreted or misapplied the law in awarding restitution when it said it could not consider what happened to the victim's car subsequent to the crime. Instead, in determining what amount will allow the victim to receive "full restitution," the district court could have and should have considered the amount of money received from or on behalf of the other driver who caused damage to her car.

[¶28] In writing that the district court should have considered payment from a third party, I am not saying the victim was not entitled to restitution from Pagenkopf. Instead, I am saying the victim is not entitled to a double recovery. Thus, I believe the district court must consider whether the victim was fully paid for her car when she sold it to the insurance company, and that that consideration must be made in order to determine whether the victim "sustained damages" from the criminal act. The analysis I suggest is not temporal; rather it is economic and looks at whether the victim suffered damages "directly related to the criminal offense." N.D.C.C. § 12.1-32-08(1). By necessity, that determination is made at the restitution hearing.

[¶29] I also acknowledge that a different result might obtain in this case if the crime victim's damages were gratuitously ameliorated or paid by third parties. *See Mahan v. State*, 51 P.3d 962, 968-69 (Alaska Ct. App. 2002) (Defendant's restitution to animal protection society not reduced by contributions society received from public.); *State v. Kisor*, 82 Wash.App. 175, 916 P.2d 978 (1996) (Rejecting defendant's argument that his restitution should be reduced by the amount of donations the crime victim received from private individuals.). However, that is not the case at hand. Here, the victim's car was destroyed in

8

an unrelated collision, resulting in the other driver's insurance company declaring the victim's car a total loss and paying the victim for the car.

[¶30] I also disagree with the majority's statement, "As a result of Pagenkopf's actions, the victim was forced to drive a car with a damaged radio, speedometer glass, and HVAC controls for two months. The victim was damaged as a direct result of Pagenkopf's delinquent conduct." Majority opinion, at ¶ 11. I agree the loss of use could be valued and, if proven, could be recovered as restitution. But here, the victim produced no evidence valuing her two month loss of use of certain features in her car. Without evidence, the loss is not recoverable as restitution.

[¶31] In this case, based on these facts, I would reverse and remand for the district court to properly apply the law. On remand, the district court appropriately could consider all evidence in the record including that the victim testified she thought the third party payment was not reduced by an amount attributable to the defendant, that neither party introduced fair market value of the car when it was declared a total loss and sold to the insurance company, that the defendant may or may not be subject to a claim by another party that the defendant contributed to the car's loss of value, and that the defendant did not dispute the repair estimate for the car.

[¶32]  Daniel J. Crothers