# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2022 ND 197

State of North Dakota,                                    Plaintiff and Appellee

v.

Michael Anthony Sapa,                              Defendant and Appellant

## No. 20220072

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Kari M. Agotness, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Rebecca L. Flanders, State's Attorney, Cavalier, ND, for plaintiff and appellee.

Samuel A. Gereszek, Grand Forks, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   Michael Sapa appeals from an amended judgment entered after a jury found him guilty of gross sexual imposition. He argues the district court erred by excluding evidence about the victim's age. He claims two statutes, N.D.C.C. §§ 12.1-20-01 and 14-10-01, create competing and confusing definitions of "minors." He also argues N.D.C.C. § 12.1-20-01 is unconstitutionally vague. The State claims Sapa's appeal is untimely. We affirm.

I

[¶2]   In February 2021, Jane Doe's parents contacted law enforcement about inappropriate sexual contact concerning their fourteen-year-old daughter. After interviewing Jane Doe, law enforcement identified Sapa as a suspect. During an interview with law enforcement, Sapa admitted to having sexual intercourse with Jane Doe. Sapa was arrested and charged with gross sexual imposition under N.D.C.C. § 12.1-20-03, victim less than fifteen, and defendant at least twenty-two.

[¶3]   Before trial, the State moved to exclude evidence related to Sapa's knowledge of the victim's age because gross sexual imposition with a victim under the age of fifteen is a strict liability offense. The district court granted the State's motion and excluded evidence related to Sapa's knowledge of the victim's age.

[¶4]   The jury found Sapa guilty. The district court entered judgment on January 12, 2022. The judgment granted the State 30 days to file a restitution affidavit of loss. On January 31, 2022, a victim witness coordinator filed an affidavit of loss on behalf of the victim's parents. On February 22, 2022, the court entered an amended judgment incorporating the amount of restitution. Sapa appealed from the amended judgment on March 3, 2022.

[¶5]   The State argues Sapa's appeal is untimely. The State claims Sapa should have appealed from the January 2022 judgment because he did not challenge the amount of restitution included in the amended judgment.

[¶6]   Under N.D.R.App.P. 4(b)(1)(A), an appeal in a criminal case "must be filed with the clerk of the supreme court within 30 days after the entry of the judgment or order being appealed." Here, the district court entered judgment on January 12, 2022, and provided the State 30 days to file a restitution affidavit of loss. The judgment gave Sapa 10 days to seek a hearing if he disagreed with the amount of restitution, and if Sapa did not request a hearing, the restitution "will be incorporated into the Judgment and Sentence." After the State filed an affidavit of loss, and Sapa did not request a hearing, the court entered an amended judgment incorporating restitution on February 22, 2022. Sapa appealed from the amended judgment on March 3, 2022.

[¶7]   In *State v. Chyle*, 297 N.W.2d 409, 410-11 (N.D. 1980), this Court addressed an analogous situation when the defendant appealed from the judgment incorporating restitution instead of appealing from the original judgment:

> "In the present case, Chyle does not claim that he is entitled to any exception for an extension of the time for appeal. He claims only that the 10-day notice of appeal time limit[1] should not begin to run from the time the original judgment was filed, February 29, 1980, but rather from the time the amended judgment was filed, March 5, 1980.

> "While the original judgment did not address the issue of restitution, the amended judgment filed on March 5, 1980, contained a provision relating to restitution as authorized by Section 12.1-32-07(2)(e), N.D.C.C. A provision for restitution in a sentence to probation should, where appropriate, be encouraged

---

[1] When *Chyle* was decided, N.D.R.App.P. 4(b) provided 10 days to appeal a criminal judgment.

and we do not criticize the trial court for including the provision in an amended judgment.

> "In light of the fact that the amended judgment in this case did not go to the essence of Chyle's conviction, it would appear that he may have been the beneficiary of several extra days in which to decide whether or not to file an appeal. However, to strictly interpret Rule 4(b), N.D.R.App.P., and its counterpart, Rule 37(b), N.D.R.Crim.P., as applying to an original judgment, rather than a final judgment, could have the effect of working an injustice on a potential appellant where the subsequent amended judgment proved particularly onerous or came at a time beyond 10 days after the original judgment had been filed. These possibilities, linked with the fact that Chyle specifically stated that he was appealing 'from the judgment of the above named Court entered on March 5, 1980, . . .' lead us to deny the State's motion to dismiss the appeal."

*See also State v. Neigum*, 369 N.W.2d 375, 376-77 (N.D. 1985) (discussing *State v. Chyle*).

[¶8] The January 12, 2022 judgment allowed the State to file a restitution affidavit of loss. Similar to *Chyle*, Sapa's notice of appeal stated he was appealing the "Criminal Judgment Entered on February 22, 2022." Sapa's appeal was timely because he appealed within 30 days after entry of the amended judgment.

### III

[¶9] Sapa claims the district court's exclusion of evidence about the victim's age limited Sapa's right to attack the essential element of age. "A district court has broad discretion in evidentiary matters, and we will not overturn a district court's decision to admit or exclude evidence unless the court abused its discretion." *State v. Vandermeer*, 2014 ND 46, ¶ 6, 843 N.W.2d 686.

[¶10] The State charged Sapa with gross sexual imposition under N.D.C.C. § 12.1-20-03, victim less than fifteen, and defendant at least twenty-two. "[T]he crime of gross sexual imposition with a child under the age of fifteen is a strict liability offense." *Vandermeer*, 2014 ND 46, ¶ 19. "When the criminality of conduct depends on a child's being below the age of fifteen, it is no defense that

3

the actor did not know the child's age, or reasonably believed the child to be older than fourteen." N.D.C.C. § 12.1-20-01(1).

[¶11] Before trial, the district court excluded evidence related to Sapa's knowledge of the victim's age. Citing *Vandermeer*, the court recognized Sapa was charged with a strict liability offense and it was no defense that he did not know the victim's age. The court concluded, "To allow evidence and testimony of what [Sapa] thought the victim's age is would only confuse and mislead the jury as to the essential elements, not to mention the delay it would cause on an otherwise, straightforward element."

[¶12] At trial, the victim testified to her age and birthdate. Deputy Matthew Wright testified he met with the victim's father and saw the victim's birth certificate showing her birthdate. Wright testified the victim was fourteen at the time of the sexual act. During cross-examination, Sapa asked the victim about two different birthdates listed on separate Facebook accounts. The victim admitted she posted a different birthdate on Facebook. Evidence about the victim's actual age is admissible because it directly relates to an element of the crime—that she was younger than fifteen. However, evidence about Sapa's belief or perception of the victim's age is not admissible because the crime is strict liability, and the evidence would violate the plain words of N.D.C.C. § 12.1-20-01(1).

[¶13] The State introduced evidence the victim was less than fifteen at the time of the offense. Sapa introduced evidence from Facebook showing the victim represented herself to be older than fourteen. The district court barred Sapa from introducing additional evidence regarding the victim's age. The court did not abuse its discretion by excluding additional evidence of the victim's age because it related to Sapa's belief of her age, rather than proving or disproving her actual age.

IV

[¶14] Sapa argues two statues, N.D.C.C. §§ 12.1-20-01 and 14-10-01, create competing definitions of "minors." He contends the application of these two

4

definitions of minors creates confusion, and produces highly subjective and arbitrary outcomes.

[¶15] Section 14-10-01, N.D.C.C., provides, "Minors are persons under eighteen years of age. In this code, unless otherwise specified, the term 'child' means 'minor'". Under N.D.C.C. § 12.1-20-01(1), in the context of sexual offenses against minors, the legislature specified if the child is less than fifteen, there can be no mistake of age defense. A specific statute controls over a general statute. *Kittleson v. Grynberg Petroleum Co.*, 2016 ND 44, ¶ 33, 876 N.W.2d 443.

[¶16] Sapa claims that in N.D.C.C. § 12.1-20-01, the legislature created a new class of "child" by arbitrarily drawing a line at fifteen without any explanation or justification. By making this argument, Sapa ignores that, within constitutional bounds, the legislature has a broad power to make classifications. *Newman Signs, Inc. v. Hjelle*, 268 N.W.2d 741, 758 (N.D. 1978); *Johnson v. Hassett*, 217 N.W.2d 771, 776-77 (N.D. 1974). Here, Sapa does not argue N.D.C.C. §§ 12.1-20-01 and 14-10-01 create an unconstitutional classification. Nor does he explain how this statutory protection of children fourteen and younger requires a reversal of his conviction. "This Court has acknowledged the legislature is better suited than the courts for setting the public policy in North Dakota." *Vandermeer*, 2014 ND 46, ¶ 19 (citing *Meyer v. Hawkinson*, 2001 ND 78, ¶ 28, 626 N.W.2d 262). We are not persuaded by Sapa's argument and decline to address it further.

V

[¶17] Sapa argues N.D.C.C. § 12.1-20-01(1) is unconstitutionally vague. Section 12.1-20-01(1), N.D.C.C., provides, "When the criminality of conduct depends on a child's being below the age of fifteen, it is no defense that the actor did not know the child's age, or reasonably believed the child to be older than fourteen." Sapa claims the statute is confusing because it references two ages, fifteen and fourteen.

[¶18] "Statutes carry a strong presumption of constitutionality." *State v. Holbach*, 2009 ND 37, ¶ 23, 763 N.W.2d 761. The due process clauses of the

5

state and federal constitutions require criminal statutes give sufficient warning of the proscribed conduct and mark boundaries sufficiently distinct for judges and juries to fairly administer the law. *Id.* at ¶ 24. "A statute is not unconstitutionally vague if the challenged language, when measured by common understanding and practice, gives adequate warning of the conduct proscribed and marks boundaries sufficiently distinct for fair administration of the law." *Id.* Whether a statute is unconstitutional is a question of law, fully reviewable on appeal. *Id.* at ¶ 23.

[¶19] The "legislature specifically determined that the crime of gross sexual imposition with a child under the age of fifteen is a strict liability offense." *Vandermeer*, 2014 ND 46, ¶ 19. That statute is not vague. Under N.D.C.C. § 12.1-20-01(1), a person of ordinary intelligence would understand a violation occurs if the victim of a sexual crime is less than fifteen years old.

## VI

[¶20] We have considered Sapa's remaining arguments and conclude they are either without merit or not necessary to our decision. The amended judgment is affirmed.

[¶21] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte